### PETER T. MAGEE *vs.* WEST END STREET RAILWAY COMPANY.

Suffolk.     January 20, 1890. — February 27, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Personal Injuries — Negligence — Due Care of Fireman.*

A fireman, who was unable to dress himself completely before starting for a fire, proceeded to do so while riding upon a rapidly driven ladder truck, and in so doing threw one leg over the side-piece and between the rounds of a ladder, but only for the purpose of holding on while adjusting his belt. While he was in that position the truck came into collision with a street car, and the ladder was pushed back upon the truck and injured him. *Held,* in an action against the street railway company to recover for such injuries, that it could not be said, as matter of law, that he was not in the exercise of due care.

TORT for personal injuries occasioned to the plaintiff through the alleged negligence of the defendant. Trial in the Superior Court, before *Thompson,* J., who allowed a bill of exceptions, in substance as follows.

There was evidence tending to prove the following facts. The plaintiff was a member of the Boston Fire Department and was attached to a ladder company in the capacity of dog-man. The dog-man of a ladder company is equipped with a hammer, chain, and dogs, carried in a belt buckled about his person, and his duty is to go to the top of a ladder, as soon as it is placed

against a building, and to drive a dog into the building, and to secure the ladder thereto by means of the chain, which is put through the dog and about a round of the ladder. The ladder truck of the company to which the plaintiff was attached was about fifty feet long and weighed about ten thousand pounds, and the ladders were carried upon it, in tiers, the longest at the bottom, strapped upon cross bars which connected the sides of the truck with each other. On the outer sides of the truck were two longitudinal steps or running-boards, one above the other, and over the top running-board was a brass rail to aid in getting upon the steps, and for the firemen to hold on to for support while the truck was in motion. On the day of the accident the plaintiff was in bed when the fire alarm sounded, but at once arose and put on his boots, and jumped upon the upper running-board on the right hand side of the truck as it started for the fire, holding on to the rail with one hand and ringing a gong on the truck with the other. Presently, being relieved from the duty of ringing the gong, he proceeded to complete his equipment by buckling around his body his dog-man's belt containing the tools above mentioned. The plaintiff, in common with the other firemen, usually had no time to dress completely before starting out for fires, and on that account was accustomed to dress on the truck; and in order to steady himself and to prevent his falling off while so doing, he was in the habit, with others, of standing with one foot upon the running-board and of putting his other leg over the side piece of the outside ladder on the top tier and inserting it between the rounds of that ladder. While putting the belt on, he paid no attention to where the truck was going, or to what was going on around him in the streets. The truck was at the time being driven at a rapid rate, and, as it was being driven sharply around a corner from one street to another on the way to the fire, the forward ends of the ladders struck the car of the defendant, there passing on its regular route, and the ladders were pushed back upon the truck by the force of the blow, cutting the plaintiff's left leg off at the knee. The jury examined the truck, ladder, and implements used by the firemen.

The defendant asked the judge to instruct the jury, that, "as the plaintiff was riding on the ladder truck with his left leg

down between the ladder rounds while the truck was going to the fire, he was not in the exercise of due care, and cannot recover." The judge refused so to instruct, and submitted the case to the jury, who returned a verdict for the plaintiff; and the defendant alleged exceptions.

*M. F. Dickinson, Jr.*, for the defendant.

*R. M. Morse, Jr. & M. Morton, Jr.*, for the plaintiff.

C. ALLEN, J. There is nothing in the circumstances disclosed which would have justified the court in withdrawing the case from the jury. It must of course now be assumed, since the verdict, that the defendant was negligent. There was evidence tending to show that the plaintiff was unable fully to dress himself before starting for the fire; and that he was not riding permanently with his leg between the rounds of the ladder, but only for the purpose of holding on while adjusting his belt. He could not be expected to use the same degree of care as might properly be required of one who had no such duty to perform as he had. Considering his duty and the exigency of the occasion, we cannot say that he was not in the exercise of due care. *Snow* v. *Housatonic Railroad*, 8 Allen, 441, 448–450. *Lawless* v. *Connecticut River Railroad*, 136 Mass. 1, 5.

*Exceptions overruled.*