THE CITY OF LEAVENWORTH v. ELLA B. HATCH.
No. 8520.

OBSTRUCTED STREET — *Imputed Negligence* — *Instructions.* A young woman while riding in a carriage by invitation of the owner, driven by a driver sent by the owner, was injured on a public street in a city by reason of the negligence of the city in allowing the street to be obstructed by broken stone used in repairing it along a high embankment, whereby the carriage was overturned down the embankment, and her leg broken. The court charged the jury that if the driver had sole charge of the vehicle and the animal drawing it, and she had no control over either, the negligence of the driver, if he was negligent, could not be imputed to her, and would not bar her recovery. *Held*, not erroneous.

*Error from Leavenworth District Court.*
*Hon. Robert Crozier, Judge.*

AFFIRMED.                    OPINION FILED JUNE 6, 1896.

STATEMENT BY THE COURT.

THE plaintiff, Ella B. Hatch, a resident of Kansas City, was visiting the family of Mr. Vantuyl, in Leavenworth, in the last of July, 1891. A portion of Fourth street in the city, which had been macadamized, was out of repair, and it became necessary for the city to place more broken stone in the places where it had become worn. For this purpose the city had stone hauled along the street and thrown off in different places, where they were broken up and left in piles until they were measured, and then spread out over the street wherever required. On the evening of July 30, by invitation of Mr. Vantuyl, the plaintiff rode out to the Soldiers' Home to attend a concert, in company with two other ladies, and with Mr. Schroeder as driver. They started out between six and seven o'clock and drove along Fourth street past a place where repairs were being made. They returned after the concert was out, when it was

quite dark. At a point on the street where the road ran on a high embankment where they were making repairs, the driver drove off the macadamized part and attempted to pass along on the dirt road where, according to some of the evidence, much of the travel went. In doing so, in the dark, he drove upon a pile of broken stone which overturned the carriage and threw it down the embankment. The plaintiff, who was on the back seat of the buggy, had her leg broken by the fall, and this action was brought to recover damages from the city for the injury.

The defendant asked the court to instruct the jury that

"if the jury find from the evidence that at the place where the accident happened there was a traveled roadway of sufficient width for all ordinary and usual travel on said street, and that the traveled part of such roadway had no rock or macadam piled thereon, and that the driver of the conveyance was careless or negligent in turning out of such traveled portion of the road, then the plaintiff cannot recover in the case, and the jury should find for the defendant."

This instruction was refused, and in the general charge the following is included :

"It seems to be conceded in this case that this young lady was driven to the Soldiers' Home in the afternoon or evening of the 30th of July, 1891, by Mr. Schroeder, whose family connection she was visiting from Kansas City, which he had a perfect right to to do so far as anything we know is concerned. If he had sole charge of the vehicle and of the animal drawing it, and was the driver at the time of the occurrence of this injury, any negligence of his could not be charged to her, ought not to be in the law charged to her within the meaning of the expression or language. In case she had no control of the vehicle or animal at the time of the occurrence, she could not be held to be guilty, for the purpose of defeating her action, of

what is called contributory negligence, no matter how negligent he may have been.''

In her petition the plaintiff alleged that she had been put to the expense of $250 for medical attendance, and $250 more for nurses and other assistants by reason of the injury, and had sustained damage because of the injuries received in the sum of $4,500, and demanded judgment for $5,000. The jury were instructed that they might render a verdict, if they found in favor of the plaintiff, for any sum within the limit of $5,000. A verdict in favor of the plaintiff for $3,200 was returned, and the city brings the case here for review.

. *C. F. W. Dassler*, and *J. W. Haussermann*, city attorney, for plaintiff in error.

*Baker, Hook & Atwood*, for defendant in error.

The opinion of the court was delivered by

ALLEN, J. : It is insisted on behalf of the city that there was not sufficient evidence to support the verdict in this case. The witnesses do not all agree as to the condition in which the street was left on the evening the plaintiff was injured, but there is testimony showing that there were piles of stone extending diagonally across the street, and that most of the travel was off the macadamized part of the street on the dirt. The strongest evidence in favor of the plaintiff is to the effect that it was impracticable to drive on the macadam, and that it was necessary to go to the side. It was clearly shown that the night was dark, and that no lights were placed at this point at the time, nor were there any barriers to warn a person approaching of danger. We think there is evidence tending to show that the work was being carried on

in a negligent manner, and that the street was in a dangerous condition. The question of fact, so far as there is dispute in the evidence, has been resolved by the jury in the plaintiff's favor.

The principal question of law presented is whether the negligence of the driver, if he was negligent, should be imputed to the plaintiff and held to bar her recovery. The court instructed the jury that if the driver had sole charge of the vehicle, and she had no control over him, his negligence could not be imputed to her and would not bar her recovery. Counsel for plaintiff in error cite in support of their position the case of *Prideaux v. City of Mineral Point*, 43 Wis. 513; *Slater v. Burlington, C. R. & N. Rly. Co.*, 71 Iowa, 209; *Morris v. Chicago, M. & St. P. R. Co.*, 26 Fed. Rep. 22. These cases, it must be conceded, give some countenance to the contention of the plaintiff in error, but, so far as they do, we think they are in conflict with the current of decisions on the question. (*Tompkins v. Clay Street Rld. Co.*, 66 Cal. 163; *Danville, L. & N. T. R. Co. v. Stewart*, 2 Metc. [Ky.] 119; *W. St. L. & P. Rly. Co. v. Shacklet, Admx.*, 105 Ill. 364; *Transfer Co. v. Kelly*, 36 Ohio St. 86; *Bennett v. New Jersey Rld. & T. Co.*, 7 Vroom, 225; *Cuddy v. Horn*, 46 Mich. 596.) The foregoing were cases in which the plaintiff was a passenger in a public conveyance, and it was held that the servant in charge of the conveyance in which he was riding was not his servant in such sense that his negligence ought to be imputed to the plaintiff. See, also, *C. R. I. & P. Rly. Co. v. Groves*, 56 Kan. 601; *C. K. & W. Rld. Co. v. Ransom*, 56 id. 559. In the case of *Dyer v. Erie Rly. Co.*, 71 N. Y. 228, it was held :

" Where one travels in a vehicle over which he has no control, but at the invitation of the owner and driver, no relationship of principal and agent arises

between them ; and, although he so travels volun-
tarily and gratuitously, he is not responsible for the
negligence of the driver where he himself is not charge-
able with negligence, and where there is no claim that
the driver was not competent to control and manage
the team.''

In the case of *Little v. Hackett*, 116 U. S. 366, the
authorities were very fully reviewed in an opinion by
Mr. Justice Field, and it was held :

'' A person who hires a public hack and gives the
driver directions as to the place to which he wishes to
be conveyed, but exercises no other control over the
conduct of the driver, is not responsible for his acts or
negligence, or prevented from recovering against a
railroad company for injuries suffered from a collision
of its train with the hack, caused by the negligence of
both the managers of the train and of the driver.''

We think the law well settled that where the per-
son injured has no right to control the movements of
the driver, and does not, in fact, exercise any control,
the negligence of the driver cannot be imputed to him.

Complaint is made of the refusal of the court to
give other instructions, but we think so much of those
asked as was good and applicable to the case was
given in the general charge.

Complaint is also made of the statement to the jury
that the plaintiff might recover any amount not ex-
ceeding $5,000, because it is said that only $4,500
was asked in the petition for the injury, and that
there was no proof whatever concerning the value of
the medical services and expense for nurses. If the
verdict and judgment exceeded $4,500, this might
present a question requiring consideration, but as the
verdict is for only $3,200, we fail to see any substance
in the complaint, there being no complaint that the

court gave any other erroneous charge as to the measure of damages.

The judgment is affirmed.

All the Justices concurring.