PROVO ST V, J.
The plaintiff has leased for a long term from the board of administrators of Tulane University the lot at comer of Baronne and Common streets, in this city, and has erected thereon two buildings. The property of Tulane University, including this lot, is exempt from taxation. But the buildings belong to plaintiff, and are taxable. They were erected, one in 1899, at a cost of $24,758, and the other in 1900, at a cost of $23,250. If destroyed they could be duplicated at the same cost. They have been assessed at $90,000 each. The - Constitution provides that:
“The assessment of all property shall never exceed the actual cash value thereof.”
This suit is brought to have the assessment reduced; and the sole question is as to what is the actual cash value of these buildings. The two are insured for $40,000. Because of their favorable location for commercial purposes, they rent for $22,980, gross. Property generally in New Orleans is worth ten times its rental value.
We think, with plaintiff, that the value of *944 the buildings cannot be greater than their cost, or what would be the cost of duplicating them, if they were destroyed. We will'add this qualification, however, that an existing building id worth as much more to the owner as he would lose in revenue during the time required for the reconstruction of it, if it were destroyed, and for the procuring of new tenants, or the reinstallment of former tenants.
The value of the lot and buildings together, in this case, is ten times the amount of the rent, or $229,S00. If the land were taxable, the defendant board, in apportioning this value between it and the buildings, would fix the value of the buildings at what they had cost, or at what it would cost to rebuild them, and would let the remainder represent the value of the naked lot. If this lot were naked, and were offered for sale, the prospective buyer, in computing the amount he could safely bid on it, would forecast the probable revenue to be derived from it after a suitable building had been constructed, and would fix the value of the improved property on the basis of this revenue, and would arrive at the value of the lot by deducting from this value of the entire property the cost of the building. I-Ie would not deduct the cost of the building plus the value supposed to have accrued to the building from the fact of its being favorably situated commercially. If he did, he would not be offering full value for the lots, and would probably find himself outbid by a competitor whose calculation had been more accurate. If the lease to plaintiff were dissolved, and the Tulane board were required to pay the value of these buildings, it could not be made to pay more for them than it would cost to replace them.
Defendant argues, and it seems plausible, that a building so favorably situated commercially as to produce large revenues, as, for instance, on Canal street, should have, even as a building — -that is to say, apart from the land on which it stands — a greater cash value than a similar building not so favorably situated, say, for instance, on Chartres street.- But such is not the case. Until a building is constructed it has no location ; and after it is constructed it cannot be worth more than its cost, plus, possibly, the value of the time consumed in its construction. If these buildings were destroyed by fire, plaintiff would lose nothing except what it would cost to replace them, plus the revenue that would be lost while the reconstruction was going on and until new tenants could he secured or the old tenants reinstalled.
The learned counsel for defendants argue that, by putting a separate appraisement on the buildings and on the land, the buildings are appraised as mere movables, as if suspended in midair; whereas they are immovables, and must be appraised as such. Counsel are in error in supposing that this mode of appraisement deals with the buildings as movables. As movables they would be mere junk; whereas by this mode of appraisement they are given the same value they would possess if belonging to the owner of the soil.
We think that the value of the buildings is approximated closely enough for taxation purposes by adopting the amount which, if they were destroyed, it would cost to replace them. Plaintiff asks a reduction to $50,000 for the two buildings, and is entitled to it.
The judgment appealed. from is amended, so as to reduce the assessment to $50,000 for the two buildings, and, as so amended, is affirmed. Defendant to pay all costs.