CARL SPELLMAN, *Appellee,* v. THE METROPOLITAN STREET RAILWAY COMPANY, *Appellant.*

No. 17,699.

AARON SMITH, *Appellee,* v. THE METROPOLITAN STREET RAILWAY COMPANY, *Appellant.*

No. 17,700.

SYLLABUS BY THE COURT.

1. CONFLICTING EVIDENCE—*Not Reviewable.* Conflicting and competent evidence affording sufficient basis for a verdict will not be reviewed by this court, and a verdict thus supported must stand.

2. ERRORS—*Must Be Specifically Pointed Out.* Errors not manifest and apparent will not be considered unless specifically pointed out, the duty to indicate such errors and the reasons therefor resting upon counsel and not upon the court.

3. FIREMEN—*Making a Run—Care Required—Contributory Negligence.* Firemen in a city making a run with a heavy hose cart drawn by a large team are not required to use the same care to avoid collision with a street car that is required of the driver of an ordinary private vehicle.

Appeals from Wyandotte court of common pleas. Opinions filed June 8, 1912. Affirmed.

*O. L. Miller,* and *C. A. Miller,* for the appellant; *Samuel Maher,* of counsel.

*James F. Getty,* for the appellees.

The opinion of the court was delivered by

WEST, J.: No. 17,699. The captain of a hose company and the driver came north up Seventh street in Kansas City, Kan., with a heavy hose cart drawn by two horses weighing fourteen hundred pounds each, in answer to a fire alarm received from Tenth and Minnesota. The lights were on and the gong was sounded continuously, and when within about two blocks of Minnesota avenue, being practically up the hill, the speed was increased and the team was guided eastward to make the turn west on the avenue and then started northwest intending to go across the street-car tracks. As the tracks were approached it was seen that a car coming from the west was about to strike the hose cart and the driver attempted to pull the horses south off the track, and while engaged in this attempt the car struck the tongue and caused the injury sued for. The accident occurred about eighty-five feet west of the west line of Seventh street. There was testimony that the team could have been seen two hundred and twenty feet away by the motorman; that the car was coming at a very rapid rate so that it "bobbed up and down" and raised a storm of dust; that it was customary for cars to run slowly at street intersections when the department was proceeding to a fire; that other fire vehicles had gone west on Minnesota avenue ahead of this one; that it was customary to slow up at street intersections and sometimes stop in case the department was making a run. There was testimony indicating that the speed of the car increased as it approached the hose cart. At any rate the evidence was conflicting and the jury found for the plaintiff and the finding was supported by com-

petent evidence, and we can not say as a matter of law that the plaintiff is not entitled to recover.

The only point argued in the brief is the refusal of the court to sustain the demurrer to the evidence and to instruct a verdict. This involved an absence of evidence justifying the verdict returned, which absence is not shown by the record. It is suggested that the supposed negligence of the driver is to be imputed to the captain, his superior officer. But the testimony shows that the captain could not control and did not attempt to control the action of the driver who had the one present imperative duty to perform of so handling his team as to reach the scene of the supposed fire. Even had the testimony shown the driver to have been negligent, such negligence would not necessarily have been imputable to the plaintiff. (*City of Leavenworth v. Hatch,* 57 Kan. 57, 61, 45 Pac. 65; *Reading Township v. Telfer,* 57 Kan. 798, 48 Pac. 134; *Burleigh v. Transit Co.,* 124 Mo. App. 724, 102 S. W. 621; *Little v. Hackett,* 116 U. S. 366; *Mc-Kernan v. Detroit Citizen's St. Ry. Co.,* 138 Mich. 519, 101 N. W. 812; *Elyton Land Co. v. Mingea,* 89 Ala. 521, 7 South. 666.)

Touching the claim of contributory negligence it may be said that the case is not to be viewed as one involving a collision between a street car and an ordinary vehicle, the exigencies of a run to a fire calling for a different rule. (*Kansas City v. McDonald,* 60 Kan. 481, and cases cited, 57 Pac. 123; *Dole v. New Orleans Ry. & Light Co.,* 121 La. 945, 46 South. 928; *Magee v. West End Street Railway,* 151 Mass. 240, 23 N. E. 1102; *Warren v. Mendenhall,* 77 Minn. 145, 79 N. W. 661.)

The refusal of a number of instructions is complained of without giving any reason for the complaint except that the error is apparent. Under the settled practice it is not our duty to search the record for errors which the complaining party can not or does not point out, unless they are facially apparent. (*Jack-*

*son v. Linnington,* 47 Kan. 396, 28 Pac. 173; *The State v. Reilly,* 85 Kan. 175, 177, 116 Pac. 481; 2 Cyc. 1014-1016.)    Those refused in this case went upon the erroneous assumption that the same rules apply to the driving of a fire wagon in answer to a call as would govern the driving of an ordinary private vehicle, while the ones given fairly stated the correct doctrine.

The judgment is affirmed.

No. 17,700.    This case is ruled by the case of *Spellman v. Street Railway Co.,* ante, p. 415, and the judgment is affirmed.