# Staunton

STEELE'S ADMINISTRATOR v. COLONIAL COAL AND COKE
COMPANY.

September 11, 1913.

Absent, Keith, P.

1. NEGLIGENCE—*Burden of Proof—Personal Injury.*—In an action to recover damages for a personal injury, negligence will not be presumed, but the burden rests upon the plaintiff to prove it affirmatively and by a preponderanec of the evidence.

2. NEGLIGENCE—*Lawful Business—Assumption of Risk.*—No cause of action can arise when an injury results from doing a dangerous but lawful act in a lawful manner. In all such cases the doctrine of "assumption of risk" applies.

3. CARRIERS—*Riding on Freight Trains—Jerking—Licensee.*—When one takes passage on a freight train, he assumes the risk of such jerking and jarring as are incident to the operation of that class of trains as distinguished from passenger trains. The same rule applies necessarily to one who is riding on such a train as a mere licensee.

4. RAILROADS—*Promulgation of Rules—Licensee—Case at Bar.*—The rule requiring the promulgation of rules for the movement of engines and trains on a railroad yard has no application to a mere licensee on such yard. The railroad company owes him no such duty, but even if it did, the evidence in the case at bar does not show any proximate causal connection between the alleged omission and the injury complained of.

Error to a judgment of the Circuit Court of Wise county in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*E. M. Fulton* and *A. N. Kilgore,* for the plaintiff in error.

*Bullitt & Chalkley,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

The following is a summary of the salient facts concerning the killing of William Steele, to recover damages for whose death this action was brought.

The defendant, the Colonial Coal and Coke Company, prevailed in the circuit court upon a demurrer to the evidence, and that judgment is now before us for review.

The defendant is a private corporation and operates a railroad as an adjunct to its business, extending from its coal mines and coking plant at Dorchester to Dorchester Junction, three miles away, where a connection is formed with the Louisville and Nashville Railroad and the Interstate Railroad. The defendant is not a common carrier, but uses this branch line of railway under the statute which allows a coal company to operate a railroad from its mines to a junction point with a common carrier. The Sutherland Coal and Coke Company (which will hereinafter be called the Sutherland Company) is a private firm of coal operators, and owns a line of railroad from their plant on Powell's river, a distance of several miles, to a point of junction with the defendant's road at Dorchester, from which latter point to Dorchester Junction they run their cars over the defendant's road. Besides its main track from Dorchester to Dorchester Junction, the defendant has several switches or yard tracks used in connection therewith in the immediate vicinity of its coke ovens. The Sutherland Company owned a "dinkey" engine of about eighteen tons weight, and the defendant's engine weighed sixty-five tons. There was also a traffic arrangement between the two coal companies by which the Sutherland Company was permitted to operate its "dinkey" over the defendant's yard tracks.

On the day of the accident the dinkey had pushed a car loaded with brattice lumber from the plant of the Sutherland Company to Dorchester to a point where a gondola car loaded with cinders was standing on the main track. Thereupon the dinkey pushed both cars down the main track and stopped near the commissary. The big engine was on the main track a short distance below the commissary, and the crew were under orders to shove the cinder car up the track and switch it off on the cinder track to be emptied. The engineer in charge of the dinkey was advised of the proposed movement and requested to remove his engine up the track beyond the cinder switch. He accordingly raised the lever on the brattice car and placed it in position to uncouple that car from the dinkey. Discovering two negroes and Steele in the cab of his engine, he ordered them to "unload," and the negroes stepped off. It does not appear whether Steele attempted to get off the dinkey or not, but at that juncture (whether immediately before or after the dinkey was put in motion was not clearly shown, but upon a demurrer to the evidence it must be assumed to have been afterward) the big engine backed up against the cinder car, and the force of the jar was imparted to the brattice car and jostled the lever back in position, automatically coupling the car to the dinkey, which moved it several feet up the track, leaving that space between it and the cinder car. At the time of the impact Steele fell from the platform of the dinkey, which was unguarded, between it and the brattice car and the wheels of the latter passed over his body and killed him. Steele was an employee of the Sutherland Company (but was not about its business when he was killed) and such employees were in the habit of getting on the dinkey anywhere it might be in the yard to ride back from Dorchester to Sutherland. This service was rendered free of charge, and Steele had boarded the dinkey for his own convenience and

at a time and under circumstances which must have made it known to him that the time had not arrived for the dinkey to set out on the return trip to Sutherland; nor was it satisfactorily shown why he remained on the engine after he was ordered to "unload" (to get off).

It is undenied that the engineer in charge of the dinkey was apprised of the purpose of the crew of the big engine to couple it onto the cinder car and push it off on the cinder track, and that this was done in the usual way and with ordinary care. The speed of the big engine did not exceed one mile an hour, and the force of the impact was not excessive, "the bump was very light," less, it was said, than is usually incident to coupling cars under like conditions. Nor does it appear that those in charge of the big engine knew of the presence of Steele on the dinkey.

In these circumstances, without considering any other phase of the case, it is manifest that the evidence fails to fix actionable negligence upon the defendant. The general doctrine is fundamental, that in an action to recover damages for personal injuries, negligence will not be presumed, but the burden rests upon the plaintiff to prove it affirmatively and by a preponderance of the evidence. This rule is nowhere more strongly stated, or more steadfastly adhered to than in the decisions of this court. *N. & W. Ry. Co.* v. *Cromer,* 101 Va. 667, 44 S. E. 898; *Consumer's Brewing Co.* v. *Doyle,* 102 Va. 399, 46 S. E. 390; *Northington* v. *Norfolk R., &c., Co.,* 102 Va. 446, 46 S. E. 475; *N. & W. Ry. Co.* v. *McDonald,* 106 Va. 207, 55 S. E. 554; *Baugher* v. *Harman,* 110 Va. 316, 66 S. E. 86.

No cause of action can arise when an injury results from doing a dangerous but lawful act in a lawful manner. To hold otherwise would be to outlaw numerous occupations which are essential to the welfare of mankind. In all such cases the doctrine of "Assumption of Risk" applies. When, therefore, one takes passage on a freight train, he assumes

the risk of such jerking and jarring as are incident to the operation of that class of trains as distinguished from passenger trains. 6 Cyc. 625 and cases cited. If this be the rule with respect to passengers, for whose safety the carrier is usually held to the exercise of extraordinary care, *a fortiori* must it apply to a mere licensee to whom a lesser degree of care is due who chooses to ride on a dinkey engine without compensation and for his own convenience.

Complaint is made of the failure of the defendant to have promulgated rules for the movement of engines on its yard. No such duty was owing from the defendant to a mere licensee upon its premises, but if it were the evidence does not show any proximate causal connection between the alleged omission and the injury complained of, as was done in the case of an employee in *Va. Iron Coal and Coke Co.* v. *Lore,* 104 Va. 217, 51 S. E. 371.

The judgment is plainly right and must be affirmed.

*Affirmed.*