𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

VIRGINIA RAILWAY AND POWER COMPANY V. SMITH.

March 11, 1915.

1. ELECTRICITY — *Repair Wagons* — *Right of Way* — *Highways* — *Streets* — *Accident.*— Repair wagons of electric companies used for making speedy repairs to "live wires" for the protection of the public, and which are given the right of way over city streets by city ordinances similar to that given to fire companies, are used to discharge *quasi* public functions, and if, perchance, a collision occurs with another vehicle and injury results to an individual, without negligence on the part of the driver, no liability attaches to the owner of such wagon.

2. UNFORESEEABLE INJURY—*Accident*—*Skidding of Repair Wagon*— *Electricity.*—No one is responsible for unforeseen injuries caused in the proper prosecution of a lawful business. In such case, the loss rests where it falls. In the case in judgment, the driver of a repair wagon of an electric company took timely measures to prevent a collision with a vehicle on the street, but the collision occurred in consequence of the skidding of a wheel of the repair wagon on the rail of a street car track which could not have been reasonably foreseen. Such a collision is esteemed an accident.

3. NEGLIGENCE—*Degrees of Care*—*Risk in Discharging Public Duty.* Generally, the greater the danger, the greater the diligence required to avoid it, but drivers of vehicles owing a duty to the public must, in the discharge of that duty, take risks that would be inexcusable in a private citizen pursuing his own private business.

4. NEGLIGENCE—*Burden of Proof*—*Presumption.*—In an action to recover damages for a personal injury, negligence will not be presumed, but the burden is upon the plaintiff to prove it affirmatively by a preponderance of the evidence.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Henry W. Anderson, Andrew D. Christian,* and *W. H. Venable,* for the plaintiff in error.

*Willcox, Cooke & Willcox,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This writ of error brings under review a judgment in behalf of the defendant in error, Smith, against the plaintiff in error, the Virginia Railway and Power Company, for a personal injury alleged to have been caused by the defendant's negligence.

The accident occurred on the west side of Granby street, between 11th and 10th streets, in the city of Norfolk. The defendant is a public service corporation, and owns and operates an electric street railway system and power and lighting plants in Norfolk, the wires and fixtures of which are strung along the streets. The trolley wires especially carry a heavy voltage, and, being uninsulated, are known as "live wires." Occasionally these wires break and fall on the streets, and to minimize the danger likely to result from such accidents to the traveling public, the company maintains wagons of massive structure, weighing about 3,000 pounds, known as "repair wagons," which upon notification are hurried to the place of accident to repair the broken wire. These repair wagons are regarded by the city authorities of such consequence as contributing factors to the safety of the public that they are classed along with

vehicles connected with the fire and police departments and ambulances, and next to them, by express ordinance, are given the right of way on the streets of the city over all other vehicles when sounding the gong. The ordinance furthermore prescribes, that "The driver of every other vehicle * * * upon becoming aware of the approach of any of said vehicles, shall immediately withdraw to the extreme right of the street, come to a full stop and remain in a stationary position until all such vehicles have passed." In the interest of life and property the prompt performance of the duties imposed upon those in charge of these vehicles is imperative, hence they are given the right of way to speed to their destinations without "let or hindrance;" and if, perchance, in discharging these *quasi public functions,* a collision occurs and injury results to an individual, without negligence on the part of the driver, no liability attaches to the owner of the vehicle.

The material facts and circumstances out of which the accident in question arose are these: The defendant owns a double track street railway line in Granby street. The street runs north and south, and is thirty-two feet wide from curb to curb, and the space between the west rail and curb is eight feet. On the morning of the accident, Dickerson crossed the street in his automobile from a garage on the east side, and passing over both car tracks came to a stop two and one-half feet from the west curb, leaving the other side of the machine only a short distance from the west rail. The plaintiff was in the habit of riding down town from that point with Dickerson, who on the instant occasion signalled and called to him to ride with him. The plaintiff, who testified that he is "very deaf," left the sidewalk coming around the car from the rear and going alongside of it to the front, so that he could occupy the front seat with Dickerson and converse with him. He was standing just outside the west rail with his left foot on the running

board of the automobile in the act of mounting to the front seat when the collision presently to be described occurred, and his right leg was caught between the front wheel of the defendant's repair wagon and the machine and broken below the knee.

A trolley wire had fallen at the intersection of Washington avenue and Monticello street, and the repair wagon, in response to an emergency call, was speeding to the point of danger when the collision happened. The wagon entered Granby street several squares away from the place of accident and proceeded southward on the right-hand side of the street with the left-hand wheels between the rails of the southbound track and the right-hand wheels between the tracks and the west curb. The horses were going at a gallop and the gong was continuously sounding. These conditions continued as the wagon came to 11th street (about a block away) when the driver discovered that in following his present course he could not clear the automobile, and that a collision was imminent. Thereupon, he applied the brakes and slowed down the speed of the horses and attempted to avert the accident by turning out to the left across the car tracks, and in that way he would have passed in safety (according to the opinion of an eye-witness for the plaintiff, a liveryman, who testified to the point), but for the fact that the steel tire of the right rear wheel of the wagon caught on the street car rail and slipped or skidded until the wheel interlocked with the rear end of the mud-guard of the automobile, which caused the front wheels of the wagon to swing toward the car, producing the impact which caused the injury.

It thus appears that at the time of the accident the defendant was discharging a duty to the public in a lawful manner, and when danger of collision with the automobile was discovered, its servants took timely measures, under

the circumstances, to avoid it and were only prevented from clearing the automobile by the unforeseen emergency of the skidding of the wheel on the rail of the street car track.

"No one is responsible for unforeseen injuries caused in the proper prosecution of a lawful business. In such case the loss rests where it falls." 1 Shear. & Red. Law of Neg. (6th ed.), sec. 16-a.

What is ordinary care and its lack must largely depend on circumstances surrounding the particular transaction. Speaking generally, greater danger calls for the exercise of greater vigilance to avoid it. Nevertheless decisions in analogous cases (*e. g.*, fire department cases) show that drivers of vehicles owing a duty to the public must, in the discharge of that duty, take risks that would be inexcusable in a private citizen pursuing his own private business.

Thus, in *Warren* v. *Mendenhall,* 77 Minn. 145, at pp. 151-2, 79 N. W. 661, at p. 663, it is said: "It is often the duty of a fireman, when attending a fire or responding to a fire alarm, to act, regardless of a considerable degree of danger to himself. To hesitate or stop at every slight indication of danger might often be a dastardly failure of duty on his part. His duties are of a public character, and in cities of a considerable size these duties are exceedingly important. On many occasions, his instant and fearless action is imperatively necessary to prevent widespread disaster, the loss of property, or the loss of life, or both; and, when he is called, he seldom knows the urgency of the occasion until he arrives upon the ground * * *. Of course, such a fireman must use ordinary care. Ordinary care is care commensurate with the occasion; and, when the dangers are great, it may be a very high degree of care. * * * But the fire department is a well known public institution. As its vehicles rush along the street, and the gongs are sounded fast and furiously, it is customary for every one else to be alert to

give these vehicles the right of way, and this custom grows out of imperative necessity."

So, in *Magee* v. *West End, &c. Co.*, 151 Mass. 240, 242, 23 N. E. 1102, in discussing the degree of care required of a member of the fire department in a similar case, the court said: "He could not be expected to use the same degree of care as might properly be required of one who had no such duty to perform as he had. Considering his duty and the exigency of the occasion, we cannot say that he was not in the exercise of due care." See also *Hanlon* v. *Milwaukee, &c. Co.*, 118 Wis. 210, 95 N. W. 100, and *Chicago City Ry. Co.* v. *McDonough*, 125 Ill. App. 223.

In *Steele* v. *Colonial Coal & Coke Co.*, 115 Va. 385, the court, at page 388, 79 S. E. 346, at p. 347, observes: "The general doctrine is fundamental, that in an action to recover damages for personal injuries, negligence will not be presumed, but the burden rests upon the plaintiff to prove it affirmatively and by a preponderance of the evidence. This rule is nowhere more strongly stated, or more steadfastly adhered to, than in the decisions of this court." Numerous cases are cited for the proposition.

We are of the opinion that the evidence fails to establish actionable negligence, but makes out a case of inevitable accident for which the defendant is not answerable in damages. This conclusion renders it unnecessary to notice other assignments of error, which could not affect the result.

The judgment must be reversed and the case remanded for a new trial.

*Reversed.*