## Wytheville.

### WALKER D. HINES, DIRECTOR GENERAL, ETC. v. J. V. BEARD.

#### June 23, 1921.

1. CARRIERS OF PASSENGERS—*Derailment—Presumption of Negligence.*—In derailment cases a passenger is not expected to know, nor required to prove, the particulars of the negligence of the defendant resulting in the derailment; but as derailments as a rule do not occur unless there is negligence on the part of the defendant, who has the immediate control of and is solely responsible for all of the instrumentalities of the carriage, there comes to the aid of the passenger, upon proof of the derailment and consequent injury, an inference, deduction or conclusion, sometimes called a presumption of fact, or simply a presumption of negligence on the part of the defendant, entitling the plaintiff to a verdict if there is no other evidence in the case, or which is to be weighed and considered by the jury with other evidence in the case, if there is such, in determining whether or not the defendant has been negligent.

2. CARRIERS OF PASSENGERS—*Derailment—Pleading Negligence.*—In an action by a passenger for injuries suffered in a derailment accident, it is permissible for the plaintiff to charge negligence in general terms. But he may in the same declaration charge negligence in general terms in one count, and any number of specific acts of negligence in other counts.

3. CARRIERS OF PASSENGERS—*Derailment—Notice of Motion.*—In a proceeding by motion for damages by a passenger for injuries suffered in a derailment accident, it is not necessary, though it may be desirable, to have separate counts charging negligence in one count and specific acts of negligence in others. The case may be stated in a composite form, and while the notice must not state too little, that is, it must state sufficient to show liability on the part of the defendant to the plaintiff, it may state more than is necessary to impose such liability. This excess may, as a general rule, be treated as surplusage.

4. CARRIERS OF PASSENGERS—*Derailment—Inspection of Cars—Instruction.*—An instruction in an action for injuries suffered

by a passenger in a derailment accident, after correctly informing the jury as to the burden of proof and the presumption of negligence, told them that the must find for the plaintiff unless the defendant before the accident had had its cars inspected by competent persons to see that they were in good order.

*Held:* That if the derailment had occurred from defective wheels or running gear the instruction would have been proper; but it was erroneous in the instant case because by uncontradicted evidence it appeared that on the day of the derailment, but after the accident, a careful examination of the wheels and running gear showed them to be in excellent condition.

5. CARRIERS OF PASSENGERS—*Derailment—Burden of Proof—Instructions.*—In an action by a passenger against a carrier for injuries suffered in a derailment accident, the burden of proof is on the plaintiff to prove the negligence of the defendant. If upon all the evidence before the jury they did not believe that the plaintiff had shown by a preponderance of the evidence that the derailment was the result of the defendant's negligence, the defendant was entitled to a verdict in his favor, and the jury should have been so told.

6. CARRIERS OF PASSENGERS—*Derailment—Presumption of Negligence—Declaration.*—If a declaration should allege that the defendant was a carrier of passengers, and that the plaintiff was a passenger for hire on one of its trains, that the train was derailed from some cause unknown to the plaintiff, and in consequence thereof the plaintiff sustained the injury sued for, it is good on demurrer.

7. CARRIERS OF PASSENGERS—*Derailment—Preponderance of Evidence—Presumption of Negligence.*—If the facts of a derailment from unknown causes, plaintiff's status of passenger, his injury in consequence of the derailment and defendant's status as a carrier of passengers are established, and no more appears, plaintiff is entitled to a verdict. But the jury may not believe that these facts have been established, and, furthermore, it will seldom happen that there will be no further evidence in the cause. If there is other evidence in the cause, it is to be considered along with the inference of negligence arising from the derailment, and it is for the jury to say whether or not from all the evidence in the cause the negligence of the defendant has been established by a preponderance of the evidence.

8. CARRIERS OF PASSENGERS—*Derailment—Preponderance of Evidence—Presumption of Negligence.*—The doctrine of *res ipsa*

*loquitur* dispenses with further proof on the part of plaintiff, until it is made to appear in some way, either by his own evidence or that introduced on behalf of the defendant, that it is at least probable that the derailment was not the result of the defendant's negligence. But unless the evidence as a whole preponderates in favor of the plaintiff on the question of the defendant's negligence the plaintiff cannot recover. A mere equipoise will not entitle the plaintiff to a verdict. If it is just as probable that the derailment is due to some other cause as to the negligence of the defendant, there can be no recovery by the plaintiff.

9. Instructions—*Inconsistent Instructions—When Incorrect Instruction is Not Cured by Correct One.*—Where an instruction incorrertly states the legal rights, duties and responsibilities of the respective parties, the error is not cured by another instruction which correctly states the law.

Error to a judgment of the Circuit Court of Louisa county in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*D. H. & Walter Leake,* for the plaintiff in error.

*W. Worth Smith, Jr.,* for the defendant in error.

Burks, J., delivered the opinion of the court.

This is a proceeding by motion by J. W. Beard against Walker D. Hines, Director General of Railroads, to recover damages for a personal injury. The plaintiff, Beard, was a passenger on a passenger train operated by the defendant, and the alleged injury was the result of the derailment of the coach in which he was being carried as a passenger for hire. There was a verdict for the plaintiff for $2,000.00 which the trial court refused to set aside, and upon which it entered judgment for the plaintiff.

On September 19, 1919, the plaintiff purchased a ticket at Waynesboro from that point to Norfolk, Virginia, over the Chesapeake and Ohio Railroad then operated by the defendant, and took passage on one of its passenger trains. While occupying a seat in one of its passenger coaches the train was derailed, and the plaintiff received the injury of which he complains. Later, during the day of the accident, the scene thereof was visited by a commission composed of the general superintendent, superintendent, assistant superintendent, assistant division engineer and the division master mechanic of the company, for the purpose of ascertaining, if they could, the cause of the derailment. Two of them testified in this cause. They made a thorough examination of the track at and about the place of the derailment and of the wheels and other parts of the running gear in all parts of the train which could have contributed to the derailment, and, after examination and consideration, "were not able to decide on any cause for the derailment." There was a milk car in the train, next to the engine, and it was the first to leave the track. The milk cars were steel cars, shorter than freight cars, but built for use and commonly used in passenger trains. The division master mechanic testified that he made "a very careful examination of that car, personally gauged and trammed the wheels, personally examined the trucks and all parts of the running gear under those cars the evening after the derailment, and every part was intact, and there wasn't a possible defect that could have contributed to the derailment in any way." This statement was not in any way contradicted. One of the witnesses for the plaintiff also testified that the track was "in perfect order."

About eighteen months before the accident the plaintiff had a severe operation upon his abdomen which was found to be in a cancerous condition, but on a recent visit to the

country of about four months he had greatly improved, had gained forty pounds and had been free from pain for two months prior to the accident. He was returning to Norfolk to go to work. He testified that at the time of the accident he struck his abdomen against the seat or some other obstacle which caused him great pain and that soon thereafter there developed what for a better name he called a blood blister, or a boil, on his abdomen at the point of operation; that this discharged and was succeeded by several others, but that the place was then healed. The defendant contended that the cause of the plaintiff's suffering was the cancer, and not the blow received at the derailment.

[1-3] It is earnestly contended for the plaintiff in error that the notice of the motion charges specific acts of negligence on the part of the defendant and nowhere charges general negligence, and that the plaintiff should be held to proof of the acts charged, and is not entitled to the benefit of the inference or presumption arising from simply proving the relation of passenger, the derailment, and resulting injury. In derailment cases a passenger is not expected to know nor required to prove the particulars of the negligence of the defendant resulting in the derailment, but as derailments as a rule do not occur unless there is negligence on the part of the defendant, who has the immediate control of and is solely responsible for all of the instrumentalities of the carriage, there comes to the aid of the passenger, upon proof of the derailment and consequent injury, an inference, deduction or conclusion, sometimes called a presumption of fact or simply a presumption, of negligence on the part of the defendant, entitling the plaintiff to a verdict if there is no other evidence in the case, or which is to be weighed and considered by the jury with other evidence in the case, if there is such, in determining whether or not the defendant has been negligent. In such

cases it is permissible for the plaintiff to charge negligence in general terms. But he may in the same declaration charge negligence in general terms in one count, and any number of specific acts of negligence in other counts as was done in *Norfolk & W. R. Co.* v. *Tanner,* 100 Va. 379, 41 S. E. 721. In a proceeding by motion, however, it is not necessary, though it may be very desirable, to have separate counts in the notice. The case may be stated in a composite form, and while the notice must not state too little, that it, it must state sufficient to show liability on the part of the defendant to the plaintiff, it may state more than is necessary to impose such liability. This excess may, as a general rule, be treated as surplusage. In the view we take of the case, however, it will not be necessary for us to decide whether or not the notice does charge both general and special negligence.

[4-5] A number of errors are assigned in the petition and they have been argued at great length and with a very full citation of authority, but it will only be necessary to pass on one of them, as that will render a new trial necessary, and the other questions involved are not likely to arise on a second trial.

The giving of instruction 2 on the motion of the plaintiff is assigned as error because it does not correctly state the law even if it be conceded that the notice sufficiently charges general negligence. Instruction No. 2 is as follows:

"The court instructs the jury that the burden of proof is upon the plaintiff, but he is not required to point out any specific act of negligence, and if you shall believe from the evidence that the plaintiff was injured while a passenger on defendant's train on the 19th day of September, 1919, by the derailment of the car in which he was a passenger, the presumption of the law is that the accident was caused by the negligence of the defendant; and while this pre-

sumption may be rebutted by evidence tending to show that the defendant before the accident exercised the highest degree of care known to human prudence and forethought to prevent the accident, and exercised such care to maintain its roadbed, ties and rails in proper repair, and by the inspection of its cars by competent persons, to see that they were in good order, and that it was handling its train at the time of the accident in a careful and prudent manner, unless you believe from the evidence that the defendant has done all of these things, you will find for the plaintiff."

This instruction put upon the defendant the burden not merely of rebutting the presumption of its negligence, but of doing so in a particular manner, that is by evidence tending to show that before the accident the defendant had done certain things, among them had caused an "inspection of its cars by competent persons, to see that they were in good order" and concluded by saying "Unless you believe from the evidence that the defendant has done all of these things, you will find for the plaintiff." If the derailment had occurred from defective wheels or running gear of the train, or if it might have occurred from that cause, the instruction on this question would have been proper, but the uncontradicted testimony is that on the day of the derailment and after it had occurred a careful examination was made of the wheels and of every part of the running gear of the train which could have contributed to the derailment, and they were found to be in excellent condition. A prior inspection, therefore, would have disclosed nothing for the defendant to remedy, and it was error to tell the jury, if it was not made, they must find for the plaintiff. The undisputed testimony shows that the defendant was not negligent in this respect. The instruction was intended as an application of the doctrine of *res ipsa loquitur* to the facts of the case, but imposed upon the defendant a greater burden than it was required to bear. The first part

of the instruction correctly told the jury that the burden was upon the plaintiff to prove the negligence of the defendant, and that a *prima facie* case was made for the plaintiff if they believed that he proved that he was a passenger and was injured by the derailment of the defendant's car in which he was such passenger, but it improperly limited the method by which the defendant might meet the *prima facie* case of the plaintiff, and failed to permit the jury to consider all of the evidence in the case in determining whether or not the plaintiff had established the negligence of the defendant. If upon all the evidence before the jury they did not believe that the plaintiff had shown by a preponderance of the evidence that the derailment was the result of the defendant's negligence the defendant was entitled to a verdict in his favor, and the jury should have been so told.

"Much ink has been shed" in the discussion of the doctrine of *res ipsa loquitur,* and we doubt if we can add anything new to the discussion. Text books and notes to cases are filled with it. By way of illustration, see Thompson on Negligence secs. 3883, 3886, 3909, 7635, 2 Cooley on Torts (3rd ed.) pp. 1424-28; 29 Cyc. 590, 10 Corpus Juris 1023, *Hughes* v. *Atlantic City & S. R. Co.,* 85 N. J. Law ,212, 89 Atl. 769, L. R. A. 1916 A, 927, 20 R. C. L. 184, 113 Am. St. Rep. 986.

In *Sweeney* v. *Erving,* 228 U. S. 233, 33 Sup. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905, it is said: "In our opinion, *res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that

they forestall the verdict. *Res ipsa loquitur* where it applies does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff.

"Such, we think, is the view generally taken of the matter in well considered judicial opinions.

"*Kay* v. *Metropolitan St. R. Co.*, 163 N. Y. 447, 57 N. E. 571, was an action by a passenger against a carrier, and the New York Court of Appeals said, (163 N. Y. 45) 'In the case at bar the plaintiff made out her cause of action *prima facie* by the aid of a legal presumption (referring to *res ipsa loquitur*), but when the proof was all in the burden of proof had not shifted, but was still upon the plaintiff. If the defendant's proof operated to rebut the presumption upon which the plaintiff relied, or if it left the essential fact of negligence in doubt and uncertainty, the party who made that allegation should suffer and not her adversary. The jury were bound to put the facts and circumstances proved by the defendant into the scale against the presumption upon which the plaintiff relied, and in determining the weight to be given to the former as against the latter they were bound to apply the rule that the burden of proof was upon the plaintiff. If, on the whole, the scale did not preponderate in favor of the presumption, and against defendant's proof, the plaintiff had not made out her case, since she had failed to meet and overcome the burden of proof.' The rule thus declared has since been adhered to in the courts of New York. (Citing cases.) A similar view appears to be entertained in New Hampshire. (Citing cases.) The same rule has been followed in a recent series of cases in the North Carolina Supreme Court. (Citing cases.)

To the same effect see *Norfolk & W. R. Co.* v. *Tanner*, *supra*; *Norfolk-Southern R. Co.* v. *Tomlinson*, 116 Va.

153, 81 S. E. 89; *Carroll* v. *Boston Elec. R. Co.*, 200 Mass. 527, 86 N. E. 793; *Sewell* v. *Detroit U. R. Co.* 158 Mich. 407, 123 N. W. 2.

We do not wish to add to the burden of the profession by any extended comment, but will state briefly our conclusion, as derived from our own cases and the decisions of other courts, confining what we have to say to the application of the doctrine to cases of derailment of passenger coaches of railroads, where general negligence is charged. We shall also avoid the use of the term "burden of proof," about which so much confusion has arisen.

[6-7] If a declaration should allege that the defendant was a carrier of passengers and that the plaintiff was a passenger for hire on one of its trains, that the train was derailed for some cause unknown to the plaintiff, and in consequence thereof the plaintiff sustained the injury sued for, we should hold the declaration good on demurrer. It is immaterial whether you say the negligence of the defendant is a presumption of law, or of fact. We will not split hairs on the subject. It necessarily follows that, if these facts be established, and no more appears, the plaintiff is entitled to a verdict. But the jury may not believe that these facts have been established, and furthermore, it will seldom happen that there will be no further evidence in the cause. If there is other evidence in the cause, it is to be considered along with the inference of negligence arising from the derailment, and it is for the jury to say whether or not from all the evidence in the cause the negligence of the defendant has been established by a preponderance of the evidence.

[8] The plaintiff having based his right of recovery on the negligence of the defendant must show it by a preponderance of the evidence, and at no stage of the case can he escape this responsibility when he has proved to the satisfaction of the jury that he was a passenger, the derailment

and his resulting injury, the doctrine of *res ipsa loquitur* dispenses with further proof on his part, until it is made to appear in some way, either by his own evidence or that introduced on behalf of the defendant that it is at least probable that the derailment was not the result of the defendant's negligence. Unless the evidence as a whole preponderates in favor of the plaintiff on the question of the defendant's negligence, the plaintiff cannot recover. A mere equipoise will not entitle the plaintiff to a verdict. If it is just as probable that the derailment is due to some other cause as to the negligence of the defendant, there can be no recovery by the plaintiff. This, we think, is the proper application of the maxim *res ipsa loquitur* to derailment cases, and the one sustained by the best considered cases.

[9] Instruction E given for the defendant is taken from the Tomlinson case and correctly states the law, but this did not cure the error of instruction 2. This is not an instance of correctly presenting the plaintiff's theory of the case in one instruction and that of the defendant in another (*Towson* v. *Towson*, 126 Va. 640, 102 S. E. 48) but one in which the legal rights, duties and responsibilities of the respective parties have been incorrectly stated. The fact that the jury were probably misled by instruction 2 is emphasized by their verdict in which they find "for the plaintiff on instructions 1, 2 and 4."

For the error appearing in instruction No. 2 the verdict and judgment for the plaintiff in the trial court will be set aside and the case remanded for a new trial in conformity with the views expressed in this opinion.

*Reversed.*