# Wytheville.

## CHESAPEAKE AND OHIO RAILWAY COMPANY v. H. H. HIBBS.

### June 25, 1925.

Argued before Judge Chichester took his seat.

1. CARRIERS OF PASSENGERS—*Care and Diligence Required of—Not Insurers.*—Railways engaged as carriers of passengers, while not insurers against all injuries except by the act of God or public enemies, as are the carriers of goods, are yet bound to carry safely those whom they take into their coaches in so far as human care and foresight can provide; that is to say, are bound to use the utmost care and diligence of very cautious persons; and they will be held liable for the slightest negligence which human care, skill and foresight could have foreseen and guarded against.

2. DEMURRER TO THE EVIDENCE—*General Rule—Admitting Truth of Adversary's Evidence—Waiver of Conflicting Evidence.*—Under the familiar rule governing demurrers to the evidence, the demurrant is required to admit the truth of all his adversary's evidence and all just inferences that can be properly drawn therefrom by the jury and to waive all of his own evidence which conflicts with that of his adversary, or which has been impeached, and all inferences from his own evidence (although not in conflict with his adversary's), which do not necessarily result therefrom.

3. CARRIERS OF PASSENGERS—*Injuries to Passengers—Slamming Car Door—Evidence—Door Checks—Case at Bar.*—In the instant case plaintiff was injured by the slamming of a car door, which it was necessary for him to loosen before he could open the door to the toilet room. Defendant objected to evidence of plaintiff tending to show that door checks were used by a large percentage of carriers.

   *Held:* That conceding without deciding that this evidence was admissible, and that door checks were so used, the failure of defendant to provide the door of the car with a door check did not constitute negligence upon which a recovery could be based in the instant case.

4. CARRIERS OF PASSENGERS—*Door Checks—Purpose of Door Checks—Case at Bar.*—The use of door checks is not for the purpose of preventing injuries to passengers, but rather to insure the comfort of passengers, to prevent the car door from being left open in cold

weather, and to check its speed and prevent it from slamming at any time. While, in the instant case, it is probable that if the car door had been supplied with a door check the accident would not have happened; yet it does not follow that the failure of the company to provide the device was negligence.

5. CARRIERS OF PASSENGERS—*Negligence—Proximate Cause.*—A common carrier is not an insurer of the safety of its passengers against all accidents, and is only liable where the injury complained of was proximately caused by its negligence. And in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of attending circumstances.

6. CARRIERS OF PASSENGERS—*Door Check—Negligence—Proximate. Cause—Injury from Slamming Door—Case at Bar.*—In the instant case plaintiff was injured by the slamming of a car door which it was necessary to loosen in order to open the door to the toilet room. Plaintiff relied on the absence of a door check on the car door as showing negligence; but as such device is for the comfort rather than for the protection of passengers, it could not be said that defendant had omitted any safety device. It was not reasonably and naturally to be expected that the failure to equip the car door with a door check would result in injury to a passenger who desired to enter the toilet. The company was not required to provide against accidents which it could not foresee might naturally occur. The injury complained of was the result of an accident, due to a lurch of the train and the negligence of the plaintiff, for which the law does not hold the defendant responsible.

7. CARRIERS OF PASSENGERS—*Door Checks—Negligence.*—The failure of a carrier of passengers to have its car doors equipped with door checks is not negligence.

8. CARRIERS OF PASSENGERS—*Assumption of Risks by Passengers—Sudden Lurches.*—The movement of trains is usually rapid, and it is a matter of common knowledge that when going around curves the cars will lurch, or rock, and the railroad company is powerless to prevent it. The passenger assumes all the danger incident thereto.

9. CARRIERS OF PASSENGERS—*Injury to a Passenger by Slamming of Door—Contributory Negligence—Case at Bar.*—In the instant case plaintiff, a frequent passenger on defendant's train, was injured by the slamming of the car door, which he had to loosen to enter the toilet. He knew of the catch holding the door back, and must be taken to have known that force was necessary to detach the door, and that the car might give a lurch while the train was in motion. There was no necessity for him to keep his hand on the knob and in the path of the door until his finger was caught in the jamb. By the

exercise of ordinary care, by placing his foot slightly in front of the door to break the force of its movement, as he released it from the spring, or cleat, or by removing his hand from the knob, which he could easily have done while the door was swinging through an arc of ninety degrees, the plaintiff, notwithstanding the lurch of the train, would have saved himself from the injury which he sustained.
*Held:* That defendant was not liable.

Error to a judgment of the Law and Equity Court of the city of Richmond in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Reversed and final judgment.*

The opinion states the case.

*Leake, Leake & Spicer*, for the plaintiff in error.

*Wyndham R. Meredith*, for the defendant in error.

West, J., delivered the opinion of the court.

H. H. Hibbs instituted suit against the Chesapeake and Ohio Railway Company to recover damages for injury to the index finger of his right hand. There was a verdict in favor of the plaintiff for $2,000.00, subject to the opinion of the court on the defendant's demurrer to the evidence. The demurrer was overruled and final judgment entered for the plaintiff, to which this writ of error was awarded.

On May 25, 1922, Hibbs was a passenger on a through passenger train of the defendant upon a trip from Richmond to Williamsburg. Before arriving at Williamsburg he had occasion to go to the toilet, the door of which was closed. The train was a solid vestibule train, and the door of the car was fastened back against the door of the toilet by a cleat or catch fastened over

the top of the door of the toilet. To enter the toilet it was necessary to use sufficient force to loosen the door of the car from the catch before opening the toilet door. In his statement as to how he was injured the plaintiff says:

"The car door stood open in this manner: That is, it stood open fastened by the catch which was fastened to the wall above the toilet door. The toilet door was also closed. As I came through I seized the door by the knob in the right hand. Now, by seizing it by the knob in the right hand and pulling the door in this way it was necessary for my hand to go through the path of the door; my hand had to go through the path of the door. Then as the train lurched for some cause I was thrown over against this wash basin and the door went to with tremendous force and cut my finger off.   *   * It was cut right through there, just as if you had used a guillotine or an ax, which indicates clearly to my mind that that door went to with tremendous force."

The plaintiff relies on two grounds of negligence: (1) That, knowing that jerks and lurches of the train were of common and necessary occurrence, the company by compelling the passengers, in order to enter the toilet while the car was in motion, to pull the door of the car from its fastenings, under such circumstances, imperiled the safety of the passenger and failed to exercise that high degree of care to which he was entitled; and (2) the failure of the defendant to provide the door of the car in which plaintiff was a passenger with the device known as a door check.

The defendant (plaintiff in error) relied on the contributory negligence of the plaintiff as a defense to the action, and when the evidence was all in filed its demurrer to the evidence. The grounds of the demurrer are:

"1. The evidence fails to show that the defendant was guilty of negligence.

"2. Even if the evidence does show such negligence (which is denied), the evidence fails to show that such negligence was the proximate cause of the injuries complained of.

"3. The evidence shows that the plaintiff was guilty of such contributory negligence as bars a recovery in this action, even if the defendant was guilty of negligence (which is denied). .

"4. The evidence shows that the injury to the plaintiff was the result of an accident, not to be foreseen or reasonably anticipated under the circumstances of the case.

"5. The evidence shows that the injury to the plaintiff was due to his own act as the proximate cause thereof.

"6. The evidence does not show any right in the plaintiff to recover in this action."

There are four assignments of error, but in our view of the case we need to consider only those which relate to the action of the court in admitting certain evidence on behalf of the plaintiff and in overruling the defendant's demurrer to the evidence.

The duty which the defendant company owed the plaintiff is stated in *Connell's Ex'rs* v. *C. & O. Ry. Co.*, 93 Va. 55, 24 S. E. 468, 32 L. R. A. 792, 57 Am. St. Rep. 786, as follows:

[1] "Railways engaged as carriers of passengers, while not insurers against all injuries except by the act of God or public enemies, as are the carriers of goods, are yet bound to carry safely those whom they take into their coaches in so far as human care and foresight can provide; that is to say, are bound to use the utmost care and diligence of very cautious persons; and they

will be held liable for the slightest negligence which human care, skill and foresight could have foreseen and guarded against.''

"The slightest neglect against which human prudence and foresight might have guarded and by reason of which the injury may have been occasioned will render the company liable." *Roanoke, etc., R. Co.* v. *Sterrett,* 108 Va. 533, 539, 62 S. E. 385, 387, 19 L. R. A. (N. S.) 316, 128 Am. St. Rep. 971.

[2] Under the familiar rule governing demurrers to the evidence, the demurrant is required to admit the truth of all of his adversary's evidence and all just inferences that can be properly drawn therefrom by the jury and as waiving all of his own evidence which conflicts with that of his adversary, or which has been impeached, and all inferences from his own evidence (although not in conflict with his adversary's), which do not necessarily result therefrom. Burks' Pl. & Pr. (2d ed.), section 251; *Chapman* v. *Hines*, 134 Va. 274, 115 S. E. 373; *N. & W. Ry. Co.* v. *Thayer Co.*, 137 Va. 297, 119 S. E. 107.

The evidence introduced over the objection of the defendant was the testimony of the plaintiff, which tended to show that door checks were used on the doors of passenger cars by fifty per cent of the railroads in Virginia and by seventy-five per cent of the railroads east of the Mississippi river.

[3] Conceding, without deciding, that this evidence was admissible, and that the door checks were so used, did the failure of the defendant to provide the door of the car with a door check constitute negligence upon which a recovery can be based in this case?

It appears without contradiction that the car in which the plaintiff was injured had just come out of the shop, was inspected that day and was in perfect condi-

tion. The car door was not equipped with a door check, but there was no defect in the door or its appendages.

[4, 5] It is not denied that door checks are used upon passenger car doors by other roads, but we find nothing in the evidence which tends to show that the use of such a device was for the purpose of preventing injury to passengers. They were installed rather as a device to insure the comfort of the passengers, to prevent the car door from being left open in cold weather, and to check its speed and prevent it from slamming at any time. It is probably true, as contended, that if the car door had been supplied with a door check the accident would not have happened; but it does not follow that the failure of the company to provide this device was negligence on its part. It is always easy, after an accident has happened, to suggest something which, if done, would have prevented it, but this is not the test of the defendant's negligence or liability. A common carrier is not an insurer of the safety of its passengers against all accidents, and is only liable where the injury complained of was proximately caused by its negligence. And "in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of attending circumstances." *Railroad Co.* v. *Kellogg*, 94 U. S. 469, 24 L. Ed. 256; *Scheffer* v. *Railroad Co.*, 105 U. S. 249, 26 L. Ed. 1071; *Connell's Ex'rs* v. *C. & O. Ry. Co.*, 93 Va. 44, 57-58, 24 S. E. 467, 32 L. R. A. 792, 57 Am. St. Rep. 786.

[6] When this test is applied to the facts in the instant case, it is clear that the plaintiff has failed to show that the defendant was guilty of any negligence. It

did not omit to use any *safety* device which was in use by other roads.   It was not reasonably and naturally to be expected that the failure to equip the car door with a door check would result in injury to a passenger who desired to enter the toilet.   The company was not required to provide against accidents which it could not foresee might naturally occur.   The injury complained of was the result of an accident, due to a lurch of the train and the negligence of the plaintiff, for which the law does not hold the defendant responsible.

[7] In no case which has been cited is the failure of the carrier to have its car doors equipped with door checks held to be negligence.

In *Merton* v. *Mich. Cent. R. Co.*, 150 Wis. 540, 137 N. W. 767, the court held:   "Where the door to the toilet room in a passenger car was constructed and operated as such doors usually are, and there was nothing obviously dangerous in such construction and operation, failure to provide a door check to prevent it from closing suddenly was not such negligence on the part of the railroad company as rendered it liable for an injury to a passenger, who, as he was about to close the door, lost his balance by reason of a sudden swaying of the car, thrust his hand against the jamb of the door to save himself from falling, and was injured by the sudden closing of the door upon his thumb, caused by the same swaying of the car."

In *Christensen* v. *Oregon Short Line R. Co.* (35 Utah 137), 99 P. 676, 20 L. R. A. (N. S.) 255, 18 Am. & Eng. Ann. Cas. 1159, where the door unexpectedly closed and injured a passenger, the court said:   "No case has been cited where, under circumstances as disclosed by this record, a recovery was permitted, and we do not think such a case can be found.   It is possible that in case of an adult passenger the fact of exposing himself

to such an injury may be held to be negligence upon his part which would prevent a recovery. Some of the courts hold it to be such as a matter of law. 3 Thomp. Comm. on Neg., section 2987. But the cases, so far as we know, all hold that an injury caused by the mere closing of an ordinary car door, either while the train is in motion or while standing still, is a pure accident for which the carrier is not liable unless the injury is caused by some defect in the door or its appendages, or is attributable to some act constituting negligence upon the part of the carrier. It seems to us that this is good law and good sense in view that the carrier is not an insurer as against an injury to passengers. If, in view of the evidence in this case, it should be held that respondent can recover, it would have to be based upon the theory that a common carrier of passengers assumes and insures against every risk and danger to which a passenger may be exposed, including the consequent injury arising therefrom. Such is clearly not the law.''

See also the following cases in which no recovery was allowed to persons whose fingers were injured in the jamb of the car doors: *Graf* v. *West Jersey, etc. Co.,* (N. J. Sup.) 62 Atl. 333; *Goold* v. *N. Y., etc., R. Co.,* 59 Misc. Rep. 36, 111 N. Y. S. 1106; *Dawson* v. *Maryland Elec. R.,* 119 Md. 373, 86 Atl. 1041; *Brehm* v. *Atchison, etc., R. Co.,* 111 Kan. 242, 206 Pac. 868, 25 A. L. R. 1056.

[8] The movement of trains is usually rapid, and it is a matter of common knowledge that when going around curves the cars will lurch, or rock, and the railroad company is powerless to prevent it. The passenger assumes all the danger incident thereto.

In the case of *N. & W. Ry. Co.* v. *Rhodes,* 109 Va. 176, at page 183, 63 S. E. 445, 448, we find this:    ''In this

case there is no proof of negligence nor can negligence be reasonably presumed from the facts and circumstances disclosed by the record. It is a matter of common knowledge, as well as shown by the record, that trains of cars in passing rapidly over curves in the road, lurch, rock or swing, and that this is unavoidable. Railroad tracks cannot always be straight. The movement of trains is rapid, and the inevitable result is that the natural laws of motion cause the car to rock or swing or lurch as it passes over curves. This cannot be prevented and is one of the risks which a passenger assumes. See *Baltimore, etc.* v. *Cason*, 72 Md. 377, 380-1, 20 Atl. 113; *Byron* v. *Lynn*, 177 Miss. 303, 58 N. E. 1015; *Hill* v. *Metropolitan, etc., Co.*, 130 Mo. 132, 31 S. W. 262, 51 Am. St. Rep. 555; *Burr* v. *Penn. R. Co.*, *supra.* [64 N. J. Law, 30, 44 A. 845.]

"It is true that the plaintiff and one of his witnesses express the opinion that the rocking or lurching when the plaintiff was injured was unusual and extraordinary, but they testify to no facts which show that it was unusual and extraordinary. *Foley* v. *Boston, etc., R. Co.*, 193 Mass. 322, 79 N. E. 765, 766, 7 L. R. A. (N. S.) 1076. The mere fact that the plaintiff, who did not have hold of anything, was thrown or fell in the way he described does not show that the movement of the train was unusual. No one was to blame for the injury, so far as the record shows. It was simply one of those unfortunate accidents which sometimes happen, for which the law holds no one responsible."

"Where the swinging of the door is caused by a jolt or jerk which is an ordinary incident of travel, the injury to a passenger, thereby, is deemed to be an accident and the carrier is not liable therefor." Note to *Christensen* v. *Oregon R. Co.*, 18 Am. & Eng. Ann. Cas. 1163, 1166.

It appears from the testimony of the plaintiff that the accident would not have occurred but for the lurch of the train, such as is ordinarily incident to railroad travel. He says he used ordinary normal force to release the door from the spring, or cleat, and that the lurch of the train combined with that force caused the door to shut.

[9] The plaintiff was a frequent passenger on the defendant's train. He knew of the catch holding the door back, and must be taken to have known that force was necessary to detach the door, and that the car might give a lurch while the train was in motion. There was no necessity for him to keep his hand on the knob and in the path of the door until his finger was caught in the jamb. By the exercise of ordinary care, by placing his foot slightly in front of the door to break the force of its movement, as he released it from the spring, or cleat, or by removing his hand from the knob, which he could easily have done while the door was swinging through an arc of ninety degrees, the plaintiff, notwithstanding the lurch of the train, would have saved himself from the injury which he sustained.

The court erred in overruling the demurrer to the evidence. The judgment complained of will be reversed and set aside, and judgment will be entered here for the defendant.

*Reversed and final judgment.*