# Richmond.

## Chesapeake and Ohio Railway Company v. Kate S. Baker, Administratrix.

### May 24, 1928.

### Addendum to Note Denying Rehearing.

1. Rehearing—*Effect of Denial of Rehearing—Judgment Becomes Final— Court has no Jurisdiction to Set Aside or Correct Judgment.*—Upon denying a rehearing, the judgment of the court became final, and it has no jurisdiction either by statute or under the rules of court to set aside or correct that judgment in any matter of substance.

2. Appeal and Error—*Case on Appeal Heard as on a Demurrer to the Evidence.*—Under sections 6363 and 6365 of the Code of 1919, the appellate court, in reviewing evidence to ascertain the correctness of a verdict approved by the trial court, considers the case practically as upon a demurrer to the evidence; but, if so considered, the verdict is without evidence to sustain it or plainly wrong, the appellate court should enter final judgment accordingly.

3. Carriers of Passengers—*Derailment—Res Ipsa Loquitur—Presumption of Negligence.*—When the relation of passenger and carrier is shown and it appears that the train upon which the passenger was being carried was derailed and the passenger injured, a *prima facie* case is made, and there results a presumption of negligence which the carrier must meet by evidence; if there is no further evidence before the jury, a verdict in favor of the plaintiff may be justified by the presumption of negligence.

4. Carriers of Passengers—*Derailment—Res Ipsa Loquitur—Presumption of Negligence—Presumptions and Burden of Proof.*—In an action by a passenger against a carrier for injuries incurred in a derailment, when the defendant endeavors to rebut the presumption of negligence and introduces evidence tending to free itself of the charge of negligence, then the general burden of proof resting upon the plaintiff to establish the negligence of the defendant still inheres in the case in all its stages.

5. Carriers of Passengers—*Action by Passenger for Injuries—Negligence of Defendant—Presumptions and Burden of Proof.*—In an action by a passenger for injuries incurred in a derailment, the plaintiff, having based his right of recovery on the negligence of the defendant, must

show it by a preponderance of the evidence, and at no stage of the case can he escape this responsibility.

6.  Carriers of Passengers—*Derailment—Defendant's Negligence Doubtful.*—In an action by a passenger against a carrier for injuries incurred in a derailment, unless the evidence as a whole preponderates in favor of the plaintiff on the question of the defendant's negligence, the plaintiff cannot recover. A mere equipoise will not entitle the plaintiff to a verdict. If it is just as probable that the derailment is due to some other cause as to the negligence of the defendant, there can be no recovery by the plaintiff.

7.  Carriers of Passengers—*Derailment—Presumptions and Burden of Proof—Defendant Need not Show by a Preponderance of Evidence that it was not Guilty of Negligence.*—In an action by a passenger against a carrier for injuries suffered in a derailment, it is error for the trial court to instruct the jury that in order to rebut the presumption of negligence the burden was upon the defendant to establish by a preponderance of evidence that it was not guilty of negligence.

8.  Carriers of Passengers—*Derailment—Presumptions and Burden of Proof—Res Ipsa Loquitur—Defendant Failing to Show Cause of Action.*—In an action by a passenger against a carrier to recover for injuries suffered in a derailment, it was error for the trial court to tell the jury that if the defendant had not shown the cause of the accident, then, without regard to what else had been shown the presumption of negligence which arose from the proof of derailment entitled the plaintiff to recover. In order to rebut the presumption of negligence arising from the derailment, the defendant was not bound to account satisfactorily for the cause of the accident. Sometimes accidents occur which are inexplicable.

9.  Carriers of Passengers—*Derailment—Res·Ipsa Loquitur—Presumptions and Burden of Proof.*—In derailment cases where the defendant introduces evidence to rebut the presumption arising from the derailment at the end of the entire evidence the presumption is lost to the plaintiff and he has the burden of proving negligence as in any other action founded on negligence, and the carrier is not bound to account for the accident.

10.  Carriers of Passengers—*Derailment—Evidence Insufficient to Sustain Verdict for Passenger—Case at Bar.*—In the instant case, an action by a passenger against a carrier for injuries incurred in a derailment, the plaintiff proved the derailment, the relation of carrier and passenger and the injury to the passenger, and also introduced evidence tending to show that the derailment was caused by defective ties. Defendant introduced evidence tending to show that the derailment was caused by transverse fissures in a rail and that the rails were the best standard rails and the ties sound, and the track regularly inspected.

*Held:* That viewing the case in the light of the principles established in derailment cases, requiring plaintiff to establish by a preponderance of the evidence that the derailment was caused by the failure of the defendant to use proper care, a recovery by plaintiff was not justified.

11. CARRIERS OF PASSENGERS—*Derailment—Defective Ties—Case at Bar.*—In the instant case, an action by a passenger for injuries suffered in a derailment, there was evidence on both sides as to the condition of the ties at or near the point of the accident, and there was no very material conflict. That some of the ties were split at the end, and that there was some decay was doubtless true. But it was not shown that defendant failed to use in this respect that degree of care which is ordinarily exercised by a very prudent and careful railroad company in the practical conduct of its business under the same or similar circumstances. It was argued for the plaintiff that the ties along the rail, the breaking of which caused the derailment, were so rotten that the rail was continuously exposed to a vertical bending movement. But there was no evidence of sufficient probative force upon which to base this theory.

*Held:* That the negligence of the defendant was not established.

12. CARRIERS OF PASSENGERS—*Derailment—Defective Ties—Lack of Evidence—Case at Bar.*—The instant case was an action by a passenger for injuries suffered in a derailment. Plaintiff attempted to show that the derailment was due to defective and rotten ties. Plaintiff claimed that the rail which broke causing the derailment was laid upon ties so rotten that the rail was continuously exposed to a vertical bending movement. There was no evidence of sufficient probative force to establish this fact. But it was urged that plaintiff could not be expected to have proof showing the exact condition and location of the ties and whether the rail rested upon them in a manner to produce such a result.

*Held:* That the court, however, could not allow, even in a case of this character, the lack of ability to obtain proof to be taken as of itself establishing the fact of negligence of the defendant, and so disproving evidence to the contrary.

13. CARRIERS OF PASSENGERS—*Carrier as Insurer—Negligence Proximate Cause of Injury.*—A common carrier is not an insurer of the safety of its passengers against all accidents, and is only liable where the injury complained of was proximately caused by its negligence.

HOLT, J., delivered the opinion of the court.

## Addendum to Note Denying Rehearing.*

[1] Since the rehearing was denied on March 1, 1928, learned counsel for defendant in error have filed with the clerk an additional application. Upon denying the rehearing, the judgment of the court became final, and it has no jurisdiction either by statute or under the rules of court to set aside or correct that judgment in any matter of substance. However the court will enlarge its reasons for denying the rehearing, to be taken as an addition to the brief note handed down on March 1, 1928, 149 Va. 558, (141 S. E. 753.)

The result of the case is naturally of considerable consequence to the family of the deceased, and the railroad company should be made to indemnify them for their loss if shown to have been caused by its negligence.

[2] We must, however, disagree with the statement of counsel that the decision of the court is far reaching and disastrous in its consequences upon the rights of passengers and the public. It may be said that derailments of passenger trains in recent years have been of rather rare occurrence, considering the thousands of them that are on the rails every hour. The function of the court is to form an opinion as to the right of recovery in the instant case from the principles of law applied to the facts. Under sections 6363 and 6365 of the Code, the appellate court, in reviewing evidence to ascertain the correctness of a verdict approved by the trial court, considers the case practically as upon a demurrer to the evidence; but if so considered the verdict is without evidence to sustain it or plainly wrong, the appellate court should enter final judgment accordingly.

*See *C. & O. Ry. Co.* v. *Baker,* 149 Va. page. 558, 141 S. E. 753.

The law of the case is or should be familiar.

[3–6] In a case such as this, when evidence has been introduced very extensively by both sides, in an action by a passenger against a carrier, then in ascertaining what was the cause of derailment and whether it was caused by the negligence of the carrier, the principles of law to be applied to a consideration of the evidence are quite fully reviewed in the case of *Hines, Director General, etc.* v. *Beard*, 130 Va. 286, 107 S. E. 717.    The court in that case very clearly states the true meaning of the oft repeated doctrine of *res ipsa loquitur* as applied in cases of a passenger against a carrier on a claim for personal injury founded upon an allegation of negligence.    It is familiar doctrine, as the court states, that when the relation of passenger and carrier is shown and it appears that the train upon which the passenger was being carried was derailed and the passenger injured, a *prima facie* case is made, and there results a presumption of negligence which the carrier must meet by evidence; if there is no further evidence before the jury, a verdict in favor of the plaintiff may be justified by the presumption of negligence.    But the court affirms in no uncertain terms the now generally approved doctrine that when the defendant endeavours to rebut the presumption of negligence and introduces evidence tending to free itself of the charge of negligence, then the general burden of proof resting upon the plaintiff to establish the negligence of the defendant still inheres in the case in all its stages.

In conclusion of the discussion of this question, the court holds that the plaintiff, having based his right of recovery on the negligence of the defendant, must show it by a preponderance of the evidence, and at no stage of the case can he escape this responsibility; that

when the plaintiff has proved that he was a passenger, the fact of derailment and the resulting injury, then the doctrine of *res ipsa loquitur*, upon which the presumption of negligence rests may dispense with further proof on his part, until it is made to appear in some way, either by his evidence or that introduced by the defendant, that it is at least doubtful if the derailment was the result of the defendant's negligence. "Unless—says the court—the evidence as a whole preponderates in favor of the plaintiff on the question of the defendant's negligence, the plaintiff cannot recover. A mere equipoise will not entitle the plaintiff to a verdict. If it is just as probable that the derailment is due to some other cause as to the negligence of the defendant, there can be no recovery by the plaintiff This, we think, is the proper application of the maxim *res ipsa loquitur* to derailment cases, and the one sustained by the best considered cases." In *Riggsby* v. *Tritton,* 143 Va. 903, 129 S. E. 493, 45 A. L. R. 280, the court followed the principles thus enunciated, as also in *Tidewater Stevedore Co.* v. *Lindsay,* 136 Va. 88, 116 S. E. 377. For a discussion of the cases generally upon this subject see *Hughes* v. *Atlantic City & Shore R. Co.,* 85 N. J. Law, 212, 89 Atl. 769, L. R. A. 1916-A page 927, and note, page 930.

[7, 8] In two prior derailment cases, *N. & W. Ry. Co.* v. *Tanner,* 100 Va. 379, 41 S. E. 721, and *Norfolk Southern R. R. Co.* v. *Tomlinson,* 116 Va. 153, 81 S. E. 89, the court of appeals had already held that it was error in the trial court to announce in an instruction that in order to rebut the presumption of negligence the burden was upon the defendant to establish by a preponderance of evidence that it was not guilty of negligence, and further held that it was error for the court to tell the jury that if the defendant had not

shown the cause of the accident, then, without regard to what else had been shown, the presumption of negligence which arose from the proof of derailment entitled the plaintiff to recover.    Touching the last mentioned point the court says, on page 163 of 116 Va. (81 S. E. 93): "In order to rebut the presumption of negligence arising from the derailment, the defendant, we do not think, was bound to account satisfactorily for the cause of the accident.    Sometimes accidents occur which are inexplicable, and to hold that a carrier of passengers must, under all circumstances, show what caused the accident itself would in such cases impose an impossibility upon the carrier, and render it practically an insurer of the safety of the passenger injured."

[9] In holding that at the end of the entire evidence the presumption is lost to the plaintiff and he has the burden of proving negligence as in any other action founded on negligence, and that the carrier is not bound to account for the accident, the Virginia court may differ from the doctrine in other States.

·[10] Viewing the evidence in the case here in the light of these established principles in derailment cases, which require the plaintiff to establish by a preponderance of all the evidence before the jury that the derailment was caused by the failure of the defendant in some respect to use the proper degree of care, we do not think the evidence in this case justifies a recovery, and therefore the verdict of the jury cannot be upheld. The only reasonable hypothesis to be gathered from the evidence, as to the immediate cause of the accident, is that it arose from a defect in the rail not reasonably discoverable.

· [11, 12] There was evidence on both sides as to the condition of the ties at and near the point of the accident, and there was no very material conflict,

though there was some, in the evidence of this character. That some of the ties were split at the end, and there was some decay more or less in an occasional tie was doubtless true, and it was not unnatural. Wooden ties exposed to the weather are obliged to show some wear and deterioration even soon after they are put down. It is not shown that the defendant company failed to use in this respect that degree of care which is ordinarily exercised by a very prudent and careful company in the practical conduct of its business under the same or similar circumstances. It is strenuously argued for the plaintiff that the ties, along which the rail in question was laid were so rotten that the rail was continuously exposed to a vertical bending movement and so became continually weakened until it broke. It may be such a situation might possibly exist, but there is no evidence of sufficient probative force upon which to base such a theory. It is urged that the plaintiff could not be expected to have proof showing the exact condition and location of the ties and whether the rail rested upon them in a manner to produce such a result. The court, however, cannot allow, even in a case of this character, the lack of ability to obtain proof to be taken as of itself establishing the fact of negligence, and so disproving evidence to the contrary. Moreover, the rail did not merely break in a manner that could have been so caused. The evidence is that it broke in several places, in fact that it suddenly flew into pieces indicating some defect at various points in the rail. The object of the investigation on the trial was to ascertain whether the defendant was negligent in the omission to use the degree of care imposed upon it, and also whether such omission was the proximate cause of the derailment.

[13] As held in *C. & O. Ry. Co.* v. *Hibbs*, 142 Va. 96,

128 S. E. 538, 41 A. L. R. 1083, and *Va. R. & P. Co.* v. *McDemmick*, 117 Va. 862, 86 S. E. 744, a common carrier is not an insurer of the safety of its passengers against all accidents, and is only liable where the injury complained of was proximately caused by its negligence. The entire evidence on both sides in this record produces an irresistible conclusion that the proximate cause of the sudden fractures of the rail in question at several points was a defect in its manufacture. The proof on the part of the defendant brought this defense well within the purview of the rulings in *Roanoke Ry. Co.* v. *Sterrett*, 108 Va. 553, 62 S. E. 385, 19 L. R. A. (N. S.) 316, 128 A. M. St. Rep. 971, applicable to such case.

This case has been argued before the court very exhaustively both orally and in writing on the original hearing, and further for the plaintiff on the petition for rehearing. No purpose would be served by a repetition of the arguments. The members of the court have given the case, in all of its aspects, full attention and are of opinion that the evidence as a whole not merely preponderates for the defendant, but under established principles of law in this State is insufficient to authorize a judgment for the plaintiff.

The judgment of the court must therefore be adhered to.