## Richmond

LONG'S BAGGAGE TRANSFER COMPANY, INCORPORATED v. NANNIE MOORE.

November 26, 1956.

Record No. 4583.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Miller and Whittle, JJ.

The opinion states the case.

*D. H. Kizer, Jr. (Kizer & Phillips,* on brief), for the plaintiff in error.

*John D. Easley (Easley & Hoge,* on brief), for the defendant in error.

MILLER, J., delivered the opinion of the court.

Long's Baggage Transfer Company, Inc., hereinafter called Transfer, owns a fleet of cabs and conducts the business of a common carrier of passengers. On the afternoon of March 18, 1955, Nannie Moore, hereinafter called plaintiff, was injured when Transfer's cab,

in which she was a passenger, collided at the intersection of Sixth and Madison streets in the city of Lynchburg, Va., with an automobile operated by H. J. Noell.

Plaintiff obtained a verdict and judgment of $1,500 against Noell and Transfer for the personal injuries she sustained, and we granted an appeal to Transfer. No appeal was sought by Noell, and as to him, the judgment is final.

Sixth street, twenty-two feet wide and hard-surfaced, extends in a northerly and southerly direction, and it is described as an arterial street. Madison street, thirty-five feet wide and hard-surfaced, extends in an easterly and westerly direction and intersects Sixth street at right angles. Plaintiff was injured when the cab, which was proceeding in a southerly direction on Sixth street collided with the automobile which was being driven by Noell in an easterly direction along Madison street.

The evidence is sufficient to support a finding that Transfer's driver was negligent in the operation of his cab as he approached and negotiated the intersection, which contributed as a proximate cause to the collision. However, Transfer asserts that the court erred in the admission of certain testimony and in granting instruction No. 2 at plaintiff's instance.

Under a city ordinance Transfer's cabs operate with meters and are required to use the shortest practical routes in the transportation of their passengers. The shortest practical route to plaintiff's destination was by way of Sixth street. Fifth street, thirty-six feet wide, which also extends in a northerly and southerly direction, is hard-surfaced, and it is likewise described as an arterial street, but it would have cost plaintiff ten cents more to have been transported by way of Fifth street.

J. Hillyer Boice, director of public safety for the city of Lynchburg, called as a witness by plaintiff, said that he "knew the relative safety and danger of various streets" in the city and Sixth street had more "blind" corners than Fifth street. Over defendant's objection, he was then allowed to testify that "in his opinion Fifth street was a safer street than Sixth street for driving," and he would travel on Fifth street rather than on Sixth street.

The probable prejudicial effect of this evidence is made plain by instruction No. 2, which follows:

"The Court instructs the Jury that if they believe from the evidence that the Defendant Company's cab driver, by the exercise of the

highest degree of practical human care and foresight, could have selected a safer practical route than he did for transporting the Plaintiff to her destination, and failed to do so; and that such failure proximately caused or contributed to the collision and consequent injuries to the Plaintiff, such failure would be negligence on the part of the Defendant Company, unless the plaintiff consented to the route used."

By other instructions the jury was informed of the degree of care owed by a common carrier to its passengers and also told that if Transfer "was guilty of any negligence and that such negligence proximately caused or contributed to causing plaintiff's injuries," they should find for plaintiff against Transfer.

Transfer insists that the testimony objected to was irrelevant and prejudicial because the driver's selection of Sixth street over which to transport plaintiff was not the proximate cause of her injury. It says that the selection of one of two usable streets open to public travel could be at most only a remote cause of the mishap, and testimony as to which of the two streets was the safer or less dangerous could have no probative value. It also argues that this testimony could bring about a finding by the jury of liability on evidence establishing a remote and independent circumstance that had no relevancy to the proximate cause of the mishap.

The instruction is challenged because it allowed the jury to consider this testimony, and if it believed Fifth street to be safer for travel than Sixth street, it permitted a finding that the selection of Sixth street instead of Fifth street over which to transport plaintiff could constitute a proximate or efficient cause of the collision and resultant injuries.

Though a common carrier owes to its passengers the duty to exercise the highest degree of practical care and human foresight to transport them safely, yet it is elementary that the carrier incurs no liability for negligence that is a mere remote and not a promixate cause of a mishap. Thus the ultimate question presented is whether or not the selection of Sixth street over which to transport plaintiff could be a proximate or efficient contributing cause of her injury.

"A common carrier is not an insurer of the safety of its passengers against all accidents, and is only liable where the injury complained of was proximately caused by its negligence." *Chesapeake & Ohio Railway Co. v. Hibbs*, 142 Va. 96, 102, 128 S. E. 538, 41 A. L. R. 1083. *Chesapeake & Ohio Railway Co. v. Baker*, 150 Va. 647, 143 S. E.

299; *Virginia Ry., etc. Co.* v. *McDemmick*, 117 Va. 862, 86 S. E. 744.

"The proximate cause of an event is that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces that event, and without which that event would not have occurred." *Huffman* v. *Sorenson*, 194 Va. 932, 937, 76 S. E. 2d 183.

"To constitute actionable negligence, there must be causal connection by natural and unbroken sequence between the negligence complained of and the injury suffered. There must be an absence of intervening efficient cause or causes. It has been said many times that in law the immediate, and not the remote cause of an event is regarded. The law refers the injury to the proximate and not to the remote cause. No general rule for determining when causes are proximate and when remote has yet been formulated." *Wallace* v. *Jones*, 168 Va. 38, 42, 190 S. E. 82. 13 M. J., Negligence, § 20, p. 528; 38 Am. Jur., Negligence, § 53, p. 700, *et seq.*

It is clear that whether or not Transfer's driver was guilty of negligence that proximately caused or efficiently contributed to the collision depends on the care or lack of care with which he approached and negotiated the intersection and not on his previous decision as to whether or not he would drive along Fifth or Sixth street. The selection of Sixth street over which to drive was only an antecedent circumstance—at most an independent remote cause of the mishap that measures up to nothing more than a mere "but for cause" of the collision. Whether or not it was safer to travel over Fifth street than over Sixth street had no causal connection with the collision, and the admission of testimony making a comparison of the hazards on one street against those on the other was not justified.

Instruction No. 2 was primarily based upon the irrelevant and prejudicial evidence admitted over Transfer's objection, and it necessarily follows that it was erroneous and should not have been given.

*Reversed and remanded.*