# Richmond.

## MARY A. WHITTLE v. R. RANDOLPH ROPER, ET ALS.

### March 1, 1928.

1. WILLS—*Two Wills Bearing the Same Date Containing Inconsistent Dispositions—Nothing to Show which was Executed Last—Admission to Probate.*—It seems to be well settled that when two wills containing inconsistent dispositions bear the same date and there is nothing to show which was executed last, neither instrument will be admitted to probate.

2. WILLS—*Two Wills Bearing the Same Date Containing Inconsistent Dispositions—Nothing to Show which was Executed Last—Court to Make Every Effort to Reconcile them.*—In every case where inconsistent dispositions exist in two wills of the same date, and there is no evidence to show priority of execution in one or the other of them, the court will make every effort to reconcile them, and if possible collect some consistent disposition from the whole.

3. WILLS—*Two Wills Bearing Different Dates—Inconsistent Provisions—Construction to Give Effect to Both.*—Even where the times of the actual execution of the respective papers are known, so that if they are inconsistent there can be no difficulty in determining which is to be preferred, the courts will, if possible, adopt such a construction as will give effect to both, sacrificing the earlier so far only as it is clearly irreconcilable with the latter paper; supposing, of course, that such latter paper contains no express clause of revocation, or other clear indication of a contrary intention.

4. WILLS—*Two Wills Bearing the Same Date Containing Inconsistent Dispositions—Nothing to Show which was Executed Last—Admission to Probate—Case at Bar.*—In the instant case two holographic wills of testatrix were admitted to probate. Both wills bore the same date and there was no evidence to show which was executed first. One of the wills devised a house of testatrix to a named devisee; the other will did not. If both of the wills in question had devised the house, each naming a different person as devisee, an inconsistency would have existed in the disposition of that property, which, in view of the circumstances, would have rendered the two wills void to that extent; but, as this property was not disposed of at all by one of the wills, no inconsistency can be said to exist in the two wills in that respect.

Court]                                  Syllabus.

5.  WILLS—*Two Wills Bearing the Same Date Containing Inconsistent Dis-positions—Nothing to Show which was Executed Last—Admission to Probate—Case at Bar.*—In the instant case two holographic wills of testatrix were admitted to probate. Both wills bore the same date and there was no evidence to show which was executed first. One of the wills devised a house of testatrix to a named devisee. Under the other will the house would have passed to a different beneficiary under the residuary clause, and it was argued that this constituted a clear inconsistency which should have been noticed by the order of probate admitting both wills to probate.

*Held:* That this argument was not sound. Whether the decedent died intestate as to the property referred to, or whether the same passes to the residuary devisee, when that will is considered by itself, is plainly a question of construction only, with which the probate court had nothing to do.

6.  WILLS—*Probate—Jurisdiction of Probate Court Confined to the Single Question Whether Paper Admitted was the Last Will of the Deceased—Construction of Will.*—The jurisdiction of a court in admitting a will to probate is confined to the single question, whether the paper admitted to probate was the true last will and testament of the deceased, and cannot be extended further, for the jurisdiction of a court to probate is not to ascertain and enforce rights of property, but to establish, preserve and perpetuate an important muniment of title.

7.  WILLS—*Two Wills Bearing the Same Date—Admission to Probate of Both Wills—Case at Bar.*—In the instant case the probate court admitted to probate two wills of testatrix bearing the same date as the last will and testament of testatrix. The only inconsistency appearing on the face of the two wills was in the dispositions made under the respective residuary clauses of the wills. While, technically speak-ing, the court might have properly, perhaps, observed this distinc-tion in the probate order, since the same inconsistency can and must be considered by the court of equity when called upon to construe the two testamentary writings, the refusal of the probate court to modify the order in this respect as requested by plaintiff in error was in no sense prejudicial, and the objection is, therefore, under the circumstances, more of an academic nature than a practical and material one.

8.  WILLS—*Order Directing Probate of Two Wills Bearing the Same Date.*—In the instant case the probate court ordered two wills of testatrix bearing the same date to be admitted to probate as constituting together the last will and testament of testatrix. Plaintiff in error objected to this order on the ground that the unqualified probate order constituted an adjudication that the two wills were executed together at the same hour, and taken together constituted one testa-

29

mentary act.  It clearly appeared that each of the probated writings, although bearing the same date, was of and in itself a complete will disposing of testatrix's entire estate.  No priority of execution was given either of them.  They were merely probated without any evidence as to the time they were executed beyond that shown on their face.

> *Held:*  That this being so, and it being entirely proper that both writings should have been admitted to probate, a court of equity will endeavor to ascertain decedent's intentions, and there was no merit in plaintiff's objection to the probate order.

Appeal from a decree of the Chancery Court of the city of Richmond.  Decree for defendants.  Complainant appeals.

*Affirmed.*

The opinion states the case.

*John T. Wingo*, for the appellant.

*David Meade White, Stonewall J. Doswell, R. H. Talley, Guy B. Hazelgrove, Daniel Grinnan* and *J. Thomas Hewin*, for the appellees.

CHINN, J., delivered the opinion of the court.

Nannie J. Wynn died in the city of Richmond in December, 1924, leaving in existence five separate holographic wills.  Three of these documents—one of which is in the nature of a codicil—bear date November 11, 1920, January 6, 1921, and September 7, 1922, respectively.  The other two bear the same date, to-wit, August 11, 1924.  All of said writings having been duly presented for probate, the court convened all persons in interest, in accordance with the statute, and, upon the hearing, the jury being waived, all matters of law and of fact were submitted to court. Thereupon the court embodied its decision in an order which, omitting its formal recitals, is as follows:

"(1) All the said paper writings were properly executed by said Nannie J. Wynn, deceased, as holographic wills.

"(2) The paper writings dated November 11, 1920, January 6, 1921, and September 7, 1922, have been annulled by the later paper writings dated August 11, 1924, and are rejected as wills of Nannie J. Wynn, deceased.

"(3) The two paper writings dated August 11, 1924, one written by the · testatrix with pen and ink, but without a supposed codicil thereto, of that date unsigned, and the other by her with pencil, purporting to be the last will and testament of Nannie J. Wynn, deceased, do constitute together the true last will and testament of said Nannie J. Wynn, deceased, and that both said papers should be and are hereby established and admitted to record as together forming the last will and testament of said decedent.

"The court enters of record that the paper writing of August 11, 1924, written with pen and ink by said testatrix hereby established, omitting a supposed codicil appended thereto of that date, is in. the following words and figures, to-wit:

"In the name of God, Amen.

"I, Nannie J. Wynn, do make this as my last will and testament.

"I give and bequeath to my sister, Mrs. F. C. Crump houses 608 N. 3rd St. and house 809½ N. 3rd St.

"I give to my friend Lucy Jones 809 N. 3rd.

"I give and bequeath to my friend, Virginia Bacchus $1,000.00.

"I gave and bequeath to my niece Ida B. Allmond $1,000.00.

"I give to my niece Josie Russell, $1,000.00.

"I give and bequeath to my nephew William J. Crump, $1,000.00.

"I give and bequeath to my friend, Marie E. Horsley, $1,000.00.

"If there is anything left after my funeral it shall be given to my god-child Emma M. Roper.

"I appoint the American Trust Company as my executors and beg that they give bond.

"Written and signed by me August 11, 1924.

                              "NANNIE J. WYNN.

"The court enters of record that the paper writing of August 11, 1924, written with pencil by said testatrix hereby established is in the following words and figures, to-wit:

"*I* the name of God, Amen:

"I Nannie J. Wynn, *to* make this as my last will and testament.

"I give and bequeath to my sister Mrs. Fernella C. Crump house 608 N. 3rd and house 809½.

"I give and bequeath to my friend Lucy Jones house 809 N. 3rd St.

"I *gave* and bequeath *to* my friend R. Randolph Roper house 724 N. 3rd. St.

"I give and bequeath to my friend Virginia Bacchus $1,000.00 in money.

"I give and bequeath to my friend Marie E. Horseley $1,000.00.

"To Ida B. Allmond, my niece $1,000.00.

"To my niece Josie Russell $1,000.00.

"I give to my nephew Willie J. Crump $1,000.00.

"If any money is left after my funeral expense I give it to my friend Bell Gardner.

"I appoint the American Trust Company as my executor.

"Written and signed by me August 11, 1924.

                              "NANNIE J. WYNN.

"The court doth order that the clerk of this court do record a copy of this decree in the current will book in his office."

Mary A. Whittle, the plaintiff in error, complains of the above judgment.

Aside from the necessary proof as to the handwriting and the mental capacity of the decedent, the only evidence adduced relative to the two wills admitted to probate was "that they were found in an envelope in a cash box in decedent's trunk; that said envelope had the word 'will' written on it, and had been sealed the long way, but the short end had been cut and the envelope was open." No evidence was produced tending to show which of said wills was executed last in point of time.

It is conceded by counsel for plaintiff in error that the court was right in admitting both of the wills to probate, but it is contended that as they contained inconsistent dispositions, the court erred in admitting them "in their entirety;" and should have admitted them *"in so far only as the said two paper writings, when treated as separate and independent instruments, contain consistent dispositions of the estate of Nannie J. Wynn, deceased,* without regard to which is first spread on the order book." In other words, the contention is that while the wills are not void *in toto,* they are void to the extent that they contain inconsistent dispositions, and it should have been so decided and decreed by the probate court.

Looking at the wills in question we find that both of them contain identical dispositions of money and property, except that in the so-called "ink will" there is no devise of decedent's house 724 N. 3rd street, and the residuum of her estate is given to one Emma M. Roper; whereas, in the so-called "pencil will," the

house at 724 N. 3rd street is devised to R. Randolph Roper, and Bell Gardner is made the beneficiary of the residuum.

[1] It seems to be well settled that when two wills containing inconsistent dispositions bear the same date and there is nothing to show which was executed last, neither instrument will be admitted to probate. 30 Amer. & Eng. Encyc. of Law (2nd ed.) page 627; *Peace* v. *Edwards*, 170 N. C. 64, 88 S. E. 807, Ann. Cas. 1918A, 778; *Phipps* v. *Anglesey*, 7 Bro. P. C. 443, 3 Eng. Reprint 289; 1 Williams on Executors (7th Amer. ed.) 219; Schouler on Wills (5th ed.) Par. 411; Jarmen on Wills (6th ed.) 172; 40 Cyc. page 1177.

[2] It is equally well settled, however, that in every case where inconsistent dispositions exist in two wills of the same date, and there is no evidence to show priority of execution in one or the other of them, the court will make every effort to reconcile them, and if possible collect some consistent disposition from the whole. 1 Williams on Executors (7th American ed.), 219; Woerner on American Law of Administration (3rd ed.), 139.

In 1 Jarman on Wills (6th ed.), page 172, it is said:

"If, from the absence of date and every other kind of evidence, it is impossible to ascertain the relative chronological position of two conflicting wills, both are necessarily held to be void, and the heir as to the realty, and the next of kin as to the personalty, are let in; but this unsatisfactory expedient is never resorted to until all attempts to educe from the several papers a scheme of disposition consistent with both have been tried in vain.

[3] "*And even where the times of the actual execution of the respective papers are known*, so that if they are inconsistent there can be no difficulty in determining

which is to be preferred, the courts will, if possible, adopt such a construction as will give effect to both, sacrificing the earlier so far only as it is clearly irreconcilable with the latter paper; supposing, of course, that such latter paper contains no express clause of revocation, or other clear indication of a contrary intention." (Italics ours.)

And in *Gordon* v. *Whitlock*, 92 Va. 723, 24 S. E. 342, the court quoted with approval from Williams on Executors (7th Amer. ed.), 162, as follows:

" 'The mere fact of making a subsequent testamentary paper does not work a total revocation of a prior one, unless the latter expressly or in effect revokes the former, or the two be incapable of standing together; for though it be a maxim, as Swineburne says, that no man can die with two testaments, yet any number of instruments, *whatever be their date, or in whatever form they may be*, so as they are all clearly testamentary, may be admitted to probate as together constituting the last will of the deceased. * * *.' " (Italics ours.)

[4] Applying the above principles to the case now before us, it seems clear that if both of the wills in question had devised the house at 624 N. 3rd street, each naming a different person as devisee, an inconsistency would have existed in the disposition of that property, which in view of the circumstances would have rendered the two wills void to that extent; but, as this property was not disposed of at all by the "ink will," no inconsistency can be said to exist in the two wills in that respect.

[5, 6] It is argued, however, that Emma M. Roper is entitled to 724 N. 3rd street under the residuary clause of the "ink will," whereas R. Randolph Roper is entitled to it by specific devise under the "pencil

will;" and that this consitutes a clear inconsistency which should have been noticed by the order of probate. We do not think this argument is sound. Whether the decedent died intestate as to the property referred to, or whether the same passed to Emma M. Roper, under the residuary clause of the "ink will," when that will is considered by itself, is plainly a question of construction only, with which the probate court had nothing to do. As said in *Tyson* v. *Scott*, 116 Va. 243, 81 S. E. 57, "the courts in admitting a will to probate are confined to the single question, whether the paper admitted to probate was the true last will and testament of the deceased, and cannot be extended further, for the jurisdiction of a court to probate is not to ascertain and enforce rights of property, but to establish, preserve and perpetuate an important muniment of title."

[7] It, therefore, results that the only inconsistency appearing on the face of the two wills under consideration is in the dispositions made under the respective residuary clauses of said wills. While, technically speaking, the court might have properly, perhaps, observed this distinction in the probate order, since the same insonsistency can and must be considered by the court of equity when called upon to construe the two testamentary writings, it seems clear to us that the refusal of the probate court to modify said order as requested by plaintiff in error can be in no sense prejudical, and the objection is, therefore, under the circumstances of this case, more of an academic nature than a practical and material one.

[8] It is further insisted that if the probate order is not amended the defendants in error will contend, "in the proceedings which will be necessary to construe the will, that the unqualified probate order constitutes

an adjudication that the two wills were executed together at the same hour on August 11, 1924, and taken together constitute one testamentary act." We do not agree with this construction of the order. It clearly appears therefrom that each of said probated writings, although bearing the same date, is of and in itself a complete and valid will disposing of decedent's entire estate; that no priority of execution was given either of them, and they were merely probated as they are, without any evidence as to the time they were executed, beyond that shown on their face. This being so, and it being entirely proper that both writings should have been admitted to probate, a court of equity will endeavor to ascertain decedent's intentions, according to the established rules, from the provisions of the wills taken together and in the light of the surrounding circumstances. Being of the opinion that the question presented by the record and briefs can and will be considered upon the construction of the two wills by a court of equity, and properly come within the functions of that court, and that plaintiff in error has suffered no actual prejudice, the judgment of the probate court is affirmed.

*Affirmed.*