# Richmond.

MARY A. WHITTLE v. R. RANDOLPH ROPER AND OTHERS.

April 9, 1931.

Present, Prentis, C. J., and Campbell, Holt, Gregory and Browning, JJ.

The opinion states the case.

*John T. Wingo,* for the appellant.

*Daniel Grinnan, David Meade White, R. H. Talley, Guy B. Hazelgrove* and *Stonewall J. Doswell,* for the appellees.

HOLT, J., delivered the opinion of the court.

Nannie J. Wynn died in the city of Richmond during the month of December, 1924. She left five wills, three of which antedate those under consideration, and are not now of special moment. Of the other two, one was written with pencil and the other in ink. Both are copied in this opinion.

*Pencil Will.*

"*I* the name of God, Amen:

"I Nannie J. Wynn *to* make this as my last will and testament.

"I give and bequeath to my sister Mrs. Fernella C. Crump house 608 N. 3rd and house 809½.

"I give and bequeath to my friend R. Randolph Roper house 724 N. 3rd St.

"I give and bequeath to my friend Virginia Bacchus $1,000. in money.

"I give and bequeath to my friend Marie E. Horseley $1,000.

"To Ida B. Allmond, my niece $1,000.

"To my niece Josie Russell $1,000.

"I give to nephew Willie J. Crump $1,000.

"If any money is left after my funeral expenses I give it to my friend Bell Gardner.

"I appoint the American Trust Co. as my executor.

"Written and signed by me Aug. 11, 1924.

"NANNIE J. WYNN."

*Ink Will.*

"In the name of God, Amen.

"I, Nannie J. Wynn, do make this as my last will and testament.

"I give and bequeath to my sister Mrs. F. C. Crump houses 608 N. 3rd St. and house 809½ N. 3rd St.

"I give to my friend Lucy Jones 809 N. 3rd.

"I give and bequeath to my friend, Virginia Bacchus $1,000.

"I gave and bequeath to my niece Ida B. Allmond $1,000.

"I give to my niece Josie Russell, $1,000.

"I give and bequeath to my nephew William J. Crump $1,000.

"I give and bequeath to my friend Marie E. Horsley, $1,000.

"If there is anything left after my funeral it shall be given to my god-child' Emma M. Roper.

"I appoint the American Trust Co., as my executors and beg that they give bond.

"Written and signed by me Aug. 11, 1924.

"NANNIE J. WYNN."

All of these wills were offered for probate in the chancery court of the city of Richmond. That court (see *Whittle* v. *Roper,* 149 .Va. 896, 141 S. E. 753, 756) convened all persons interested in accordance with the statute, and, upon the hearing, a jury being waived, decreed, in part, as follows:

"(1) All the said paper writings were properly executed by the said Nannie J. Wynn, deceased, as holographic wills.

"(2) The paper writings dated November 11, 1920, January 6, 1921, and September 7, 1922, have been annulled by the later paper writings dated August 11, 1924, and are rejected as wills of Nannie J. Wynn, deceased.

"(3) The two paper writings dated August 11, 1924, one written by the testatrix with pen and ink, but without a supposed codicil thereto, of that date, unsigned, and the other by her with pencil, purporting to be the last will and testament of Nannie J. Wynn, deceased, do constitute together the true last will and testament of said Nannie J. Wynn, deceased, and that both said papers should be and are hereby established and admitted to record as together forming the last will and testament of said decedent."

This order was confirmed by the Special Court of Appeals in *Whittle* v. *Roper, supra.*

It will be noted that the chancery court there held that these two papers "do constitute together the last true will and testament of said Nannie J. Wynn." That is to say, Judge Moncure was of opinion' that they constituted one will, and in that he was affirmed. Afterwards, in due course, and in the instant

suit brought that they might be construed, they were construed by that court, which, in its final decree, said:

"On consideration whereof, the court, having maturely considered the matter, is of opinion and doth decide that when properly read together and considered as one testamentary act, the two paper writings dated August 11, 1924, constituting the last will and testament of Nannie J. Wynn, deceased, are not inconsistent with each other in any particular and that no portions thereof are void for inconsistency; that the true and proper construction of the last will and testament of Nannie J. Wynn, deceased, is as follows: The two parcels of real estate situated in the city of Richmond, Virginia, designated Nos. 608 and 809½ north Third street are devised to Fernella C. Crump in fee simple; the real estate situated in the city of Richmond, Virginia, designated No. 809 north Third street, is devised to Lucy Jones in fee simple; the real estate situated in the city of Richmond, Virginia, designated No. 724 north Third street is devised to R. Randolph Roper in fee simple; the sum of one thousand dollars ($1,000.00) and no more, is bequeathed to each of the following: Virginia V. Bacchus, Ida B. Allmond, Josie Russell, William J. Crump and Marie H. Schanks (formerly Marie E. Horsley); the actual money and the deposits in banks which the testatrix owned and possessed at the time of her death, the check of the State Board of Education for sixty-one and 88/100 dollars ($61.88) and the accrued rents due from real estate on the date of her death, are bequeathed to Belle Gardner, subject to proper charges against the same for funeral expenses, expenses of administration, debts and legacies; all other personal estate is bequeathed to Emma M. Roper, subject to proper charges against the same for funeral expenses, expenses of administration, debts and legacies.

"Accordingly it is adjudged, ordered and decreed that Nannie J. Wynn did not die intestate as to any portion of her estate; that the actions of the American Bank and Trust Com-

pany of Richmond, as curator of the estate of Nannie J. Wynn, deceased, in paying to Fernella C. Crump the sum of six hundred eleven and 75/100 dollars ($611.75) on account of rents collected from Nos. 608 and 809½ north Third Street, in paying to Lucy Jones the sum of three hundred eighty-two and 38/100 dollars ($382.38) on account of rents collected from No. 809 north Third street, and in paying to R. Randolph Roper the sum of four hundred five and 42/100 dollars ($405.42) on account of rents collected from No. 724 north Third street, be and the same are approved; and that the American Bank and Trust Company of Richmond, as executor of the last will and testament of Nannie J. Wynn, deceased, do proceed to distribute the balance of the personal estate in its hands in accordance with the judgment of the court as expressed in this decree."

It is true that Judge Chinn, in *Whittle* v. *Roper, supra,* said: "It clearly appears therefrom that each of said probated writings, although bearing the same date, is of and in itself a complete and valid will disposing of decedent's entire estate; that no priority of execution was given either of them, and they were merely probated as they are, without any evidence as to the time they were executed, beyond that shown on their face. This being so, and it being entirely proper that both writings should have been admitted to probate, a court of equity will endeavor to ascertain decedent's intentions, according to the established rules, from the provisions of the wills taken together and in the light of the surrounding circumstances."

There is nothing in this record which throws any additional light upon the execution of these papers, and so for practical purposes they must still be taken as one will. Such inconsistencies, if any, as appear in the two papers stand upon the same footing that they would stand upon were they written into one. Together they constitute the last will and testament of this testatrix.

The correctness of these conclusions is challenged in this

appeal by Mary A. Whittle, a sister of the testatrix, who presents these assignments, and charges that the court committed error—

"(1) In holding that the two paper writings, dated August 11, 1924, constituting the last will and testament of Nannie J. Wynn, deceased, are not inconsistent with each other in any particular, and that no portions thereof are void for inconsistency.

"(2) In holding that the real estate situated in the city of Richmond, Virginia, designated No. 724 north Third street, is devised to R. Randolph Roper in fee simple.

"(3) In holding that the currency and the deposits in banks which the testatrix owned and possessed at the time of her death, the check for $61.88, and the accrued rents from real estate are bequeathed to Belle Gardner, subject to proper charges against the same for funeral expenses, expenses of administration, debts and legacies; and that all other personal estate is bequeathed to Emma M. Roper, subject to proper charges against the same.

"(4) In failing to hold that the two said paper writings are inconsistent with each other as regards the real estate designated No. 724 north Third street, and the residuum of the personal estate, and that they are void so far as inconsistent; and that Nannie J. Wynn died intestate as regards the said real estate and the residuum of the personal estate."

It remains for us to ascertain if any of the provisions there written are inconsistent with each other. If they are inconsistent in fact, then they are void for uncertainty, but inconsistencies are not looked upon with favor and the court should undertake, wherever it is possible, to reconcile conflicting provisions, keeping in mind always this elementary rule, the testatrix's intentions control.

"Two inconsistent wills of the same date, neither of which can be proved to be last executed, are by the common law of England void for uncertainty so far as they are inconsistent,

and will let in the heir, if no act of the testator subsequent to the will has explained them, so as to recognize what otherwise would appear inconsistent." *Phipps* v. *Anglesey,* 7 Bro. P. C. 433, 3 Eng. Reprint 289 (295).

"Of whatever number of executed documents the will consists, they must all be proved together as constituting one will. But if it is impossible to determine which of several documents that cannot stand together is the last will, they will all be void so far as the irreconcilability extends." Woerner on Amer. Law of Administration (3d ed.), 139.

This is good law and is not questioned by appellees.

It is true, if these two papers are treated as two wills which together dispose of the testatrix's property, and it is, of course, true if they be treated as one will.

In every case where inconsistent dispositions exist in two wills of the same date; and there is no evidence to show priority of execution in one or the other of them, the court will make every effort to reconcile them, and if possible collect some consistent disposition from the will. Williams on Executors (7th Amer. Ed.), 219. Woerner on Amer. Law of Administration (3d ed.), 139.

All of this is so well established and so elementary that further discussion is deemed unnecessary.

In this appeal the attack centers upon the disposition of a lot in the city of Richmond, described as 724 north Third street, and upon the residuary disposition of the personalty remaining after certain specific bequests have been satisfied. That is to say, appellant claims that Emma M. Roper and Bell Gardner are both made residuary legatees.

In the pencil writing this appears: "I gave and bequeath to my friend R. Randolph Roper house 724 N. 3rd St." In that written with ink there is no corresponding provision. This lot is not mentioned. We have here a definite gift of a definite lot to a definite person, and it would violate every canon of construction to hold that it passed under a residuary

clause. If in the "ink will" testatrix had said: "I give and bequeath to my god-child, Emma M. Roper, house 724 north Third street," these devises would be in hopeless conflict. No court could say which devisee should take. These provisions would destroy each other, and so far as this lot was concerned the testatrix would have died intestate.

Judge Chinn, in considering this phase of this controversy, said: "Applying the above principles to the case now before us, it seems clear that if both of the wills in question had devised the house at 724 north Third street, each naming a different person as devisee, an inconsistency would have existed in the disposition of that property, which, in view of the circumstances, would have rendered the two wills void to that extent; but, as this property was not disposed of at all by the 'ink will,' no inconsistency can be said to exist in the two wills in that respect."

This was the conclusion reached by Judge Moncure in the instant case, and in this he was plainly right.

■ What of the residuary bequests of personalty?

In the pencil paper this appears: "If any money is left after my funeral expenses I give it to my my friend Bell Gardner." In that written with ink the testatrix said: "If there is anything left after my funeral it shall be given to my god-child, Emma M. Roper."

In *Whittle* v. *Roper, supra,* the court observed: "It, therefore, results that the only inconsistency appearing on the face of the two wills under consideration is in the dispositions made under the respective residuary clauses of said wills."

The construction of this will, or of these wills, was not then before the court. It was called upon to decide what papers should be probated and nothing more, but we approve of all that was there said. If the residuary personal estate had consisted of money only, there would have been some force in appellant's contention, but that was not the case. After the legatees are paid there will remain a considerable sum of

money not disposed of, and this goes, as is plainly stated, to Bell Gardner. There still remains certain tangible personal property, not particularly valuable, it is true, but worth something, and it Emma M. Roper takes.

The learned chancellor of the court below was of opinion that there was no irreconcilable conflict here, and in this he was plainly right.

The decree appealed from must be affirmed, and it is so ordered.

*Affirmed.*