## CIRCUIT COURT OF THE CITY OF RICHMOND

In re Probate
of Will of
Virginia Barnard Chadick

August 4, 1992

BY JUDGE ROBERT L. HARRIS, SR.

At issue before the court is the question of whether certain writings dated August 15, 1935, can be probated as the last will and testament of Virginia Barnard Chadick who died on April 20, 1944. The chief obstacle to acceptance of this writing is the fact that both witnesses to the signing of the document are now dead, and there has been no evidence presented authenticating their signatures.

The court starts with a presumption of the will's validity. "It has long been the rule in Virginia that courts lean strongly in favor of upholding the validity of wills fairly made, where there is no imputation of fraud." *Martin v. Coleman*, 234 Va. 509, 513, 362 S.E.2d 732, 735 (1987). Under normal circumstances, the burden of proof is on a will's proponent to show, by a preponderance of the evidence, that the writing offered was executed as required by statute. *See, Wilroy v. Halbleib*, 214 Va. 442, 447, 201 S.E.2d 598, 602 (1974). However, wills offered for probate long after the death of the testator offer peculiar evidentiary problems. "If the witnesses to the will are dead, or if there is failure of recollection on their part, the court will often presume (the will being in other respects regular) that the requirements of the statute have been complied with in the formal execution of the instrument." *Young v. Barner*, 68 Va. (27 Gratt.) 96, 106 (1876).

Formal execution of a will requires that it be in writing, signed by the testator (or some other person in his presence and by his direction), and that the testator either sign the will (or cause it to be signed) in the presence of two witnesses or acknowledge the will as his in the presence of the two witnesses, who then sign the will themselves in the presence of the testator. Va. Code Ann. § 64.1–49 (1991

Repl. Vol.). Here there are two substantively identical documents, one apparently intended as a copy of the other, but both specifically signed by the testator and two witnesses. The presence of these two documents poses no problem in probate. Although, "[n]o man can die with two testaments . . . any number of instruments, *whatever be their date, or in whatever form they may be*, so as they are all clearly testamentary, may be admitted to probate as together constituting the last will of the deceased." *Whittle v. Roper*, 149 Va. 896, 903, 141 S.E. 753, 755 (1928) (emphasis in original). Unrefuted testimony was taken at the hearing identifying the testator's signature. No evidence was available at the time of the hearing to verify the signatures of the witnesses, but neither was evidence offered to overcome the presumption of validity which the court can grant a will which appears regular on its face. Both witnesses signed one week after the typewritten date on the will, but even if the testator signed on the earlier date, there is no evidence before the court to create a reasonable suspicion that the formalities were not observed, i.e., that the testator failed to acknowledge his earlier signature to the two witnesses at the time of their signing. It is also possible that all three signed on the later date. The inability of the court to know which of two valid procedures was used does not defeat the presumption of validity.

Accordingly, the court is prepared to accept the writings offered as the last will and testament of Virginia Bernard Chadick. However, the will's proponent has moved the court to accept evidence not presented at the June 16, 1992, hearing. The proponent has offered the affidavit of a witness willing to verify the signatures of the two witnesses on the Chadick will. While the court is willing to receive such evidence, it does not feel it necessary for its decision. However, if either party in this matter, for the purposes of preserving the record for appeal, wishes this evidence to be received, the court will schedule another hearing so that oral testimony can be received from the witness. If the witness' age or health makes attendance at such a hearing impractical, the parties may arrange for her deposition to be taken and offer this into evidence. Therefore, the court will wait until August 14, 1992, before entering an Order admitting the submitted writings to probate as the last will and testament of Virginia Chadick. Prior to that date, the parties, if they desire the additional evidence to be received, shall so inform the court.