IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 17, 2005 Session

# IN THE MATTER OF: THE ESTATE OF EMORY B. PEGRAM, DECEASED v. GREGORY BAXTER PEGRAM, ET AL.

**A Direct Appeal from the Probate Court for Shelby County**
**No. C-9109     The Honorable Robert S. Benham, Judge**

_____

**No. W2004-01179-COA-R3-CV - Filed April 12, 2005**

_____

Appellant, the widow of decedent, appeals from probate court judgment that decedent died intestate. Decedent had executed an individual will, as well as a joint mutual will with Appellant, on the same day. Both wills executed by decedent contained revocation clauses purporting to revoke all prior wills. Neither Appellant, nor the witnesses to the execution of the wills, could recall the order in which Decedent executed the wills. Probate court held that, since each of Decedent's two wills purported to revoke all prior wills and the order in which they were executed could not be established, Decedent died intestate. Finding no error, we affirm the judgment of the probate court.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Probate Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY M. KIRBY, J., joined.

Bruce D. Brooke of Memphis for Appellant, Carolyne Park-Pegram

James E. Bingham of Memphis for Appellees, Gregory Baxter Pegram and Teresa Pegram Hostetler

**OPINION**

**I. PROCEDURAL HISTORY**

On December 31, 2003, Appellant Carolyne Park-Pegram filed her Petition for Admission of Last Will and Testament of Emory Baxter Pegram in Solemn Form and for Appointment of Executrix in the Probate Court of Shelby County, Tennessee. A hearing was held on March 24, 2004 before the probate court. The probate court held that the deceased died intestate.

The probate court granted Ms. Pegram's motion for interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Civil Procedure. Ms. Pegram filed an Application for Interlocutory Appeal

Pursuant to Rule 9, which this Court rejected on the ground that the probate court's Order Finding Intestacy constituted a final judgment. Ms. Pegram timely filed her notice of appeal.

## II. FACTS

Appellant, Carolyn Park-Pegram ("Ms. Pegram"), and Emory Baxter Pegram ("Mr. Pegram") were married for eight years prior to Mr. Pegram's death, at sixty years of age, on June 17, 2003. No children were born of their marriage. Ms. Pegram had one adult child by a previous marriage, Christopher Park. Mr. Pegram had two adult children by a previous marriage, the Appellees Gregory Pegram and Teresa Pegram Hostetler. Mr. Pegram's highest educational attainment was a GED.

On November 3, 1997, Ms. Pegram and Mr. Pegram each executed individual wills and executed a joint will in the presence of Lila M. Wells, the manager of the Willow Estates Mobile Home Park where the Pegrams resided. Two other witnesses, Billie Jean Bettis and Chris B. Whitlock, were also present when the wills were executed. Each of the two wills executed by Mr. Pegram on November 3 contained a revocation clause purporting to revoke all prior wills. Ms. Pegram's individual will did not contain such a provision.

At the March 24, 2004 hearing, the trial court heard testimony from Ms. Pegram, Ms. Wells, and Mr. Whitlock. Ms. Pegram testified that she and Mr. Pegram prepared the wills without the assistance of an attorney. Ms. Pegram, Ms. Wells, and Mr. Whitlock testified as to the proper execution of the wills but could not recall the order in which the wills were executed. (The parties stipulated that Ms. Bettis, the other witness to the execution of the wills, would testify that she also could not recall the order in which the wills were executed.) However, Ms. Pegram testified that she and Mr. Pegram had a distinct purpose in executing the joint will: "the joint will was if something happened to both of us, then it would be equal for the children, so maybe there would be no confusion among the children." Ms. Pegram explained that under the joint will, one-third of her estate would go to her child and one-third would go to each of Mr. Pegram's two children because "we considered them all family, all equal."

At the conclusion of the March 24, 2004 hearing, the trial court stated from the bench:

> While the Court prefers to avoid intestacy, the Court finds regretfully in this instance that there are such inconsistencies that no will should be admitted to probate and that his estate needs to be distributed under the statute of intestate succession. The Court regrets that decision, but we try to uphold the wills. People have a right to do their own will without professional help. Sometimes that produces not the best result. That's not the issue on which the case is decided here. The Court can't reconcile two documents. So the Court is not going to admit the document offered for probate ....

The probate court held that Mr. Pegram died intestate. It is this holding from which Ms. Pegram appeals.

### III. ISSUE

Appellant, Carolyne Park-Pegram, presents the following issue for review in this appeal:

> Whether the trial court erred as a matter of law and fact by finding Emory Pegram died intestate because his properly executed individual will was simultaneously executed when he executed a Joint Mutual Will with his wife, with both documents containing a revocation provision and the witnesses could not establish which document was executed first or last.

### IV. STANDARD OF REVIEW

In a will construction case, the Tennessee Supreme Court has stated that "'when there is no conflict in the evidence as to any material fact, as in this case, the question on appeal is one of law, and our scope of review is de novo with no presumption of correctness accompanying the Chancellor's conclusions of law.'" *In re Estate of Vincent*, 98 S.W.3d 146, 148 (Tenn. 2003) (quoting *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).)

### V. ANALYSIS

This appeal involves a question of will construction. We must determine whether the trial court erred in concluding that, because Mr. Pegram executed two wills with revocation clauses and there is no evidence as to which will was executed first, Mr. Pegram died intestate. At trial Ms. Pegram, the Appellant, maintained that the joint will executed by Mr. Pegram and herself was intended to be effectuated only in the event of the simultaneous death of herself and Mr. Pegram. If they died at different times, she stated, their separate wills would be given effect.

It is a general rule of will construction that when a will has been executed, "there is no presumption of an intention to die intestate." 80 Am.Jur.2d *Wills* § 1037 (2002). In will construction, "[t]he cardinal rule ... is the ascertainment of the intent of the testator. That intent, when known, will be given effect unless prohibited by some rule of law or public policy." *In re Walker*, 849 S.W.2d 766, 768 (Tenn. 1993). In will construction,

> the testator's intention must be ascertained from "that which he has written" in the will, and not from what he "may be supposed to have intended to do," and extrinsic evidence of the condition, situation and surroundings of the testator himself may be considered only as aids in the interpretation of the language used by the testator, and "the testator's intention must ultimately be determined from the language of the instrument weighed in the light of the testator's surroundings, and no proof, however conclusive in its nature, can be admitted with a view of setting up an intention not justified by the language of the writing itself."

*Nichols v. Todd*, 101 S.W.2d 486, 490 (1936) (quoting Sizer's Pritchard on Wills §§ 384, 387, 388, and 409 (2nd. Ed.)).

In her appeal brief, Ms. Pegram argues that the joint mutual will that Mr. Pegram executed with her is a conditional will, which could only be enforced in the event of the simultaneous death of Mr. and Ms. Pegram. She states:

> [T]he facts of this case clearly demonstrate that on November 3, 1997, Emory Pegram executed his individual will and his joint mutual will with his wife, required the condition precedent of the joint death of both spouses in order to be enforceable. Since Carolyne Park-Pegram is not dead, the necessary condition precedent for enforcement of the joint will has never been satisfied.

Given that the condition precedent for the joint will did not occur, she contends that Mr. Pegram's individual will must be enforced instead.

The parties have not cited, nor has our research revealed, any Tennessee cases addressing the issue presented. However, treatise authors have examined this question, as have courts in a relatively small number of other states, and these authorities guide us in resolving this case of first impression in Tennessee law. These authorities hold that courts should construe multiple wills together as one will, wherever possible. As the authors of the Corpus Juris Secundum state, "[W]here a testator leaves two wills executed at different times, they will be construed together as one will, and where the second will disclaims any intention of revoking the prior will." 96 C.J.S. *Wills* §878, at 294 (2001). However, when the multiple documents are irreconcilable and it is impossible to determine which was executed last, the documents will be void to the extent that they are irreconcilable. Pritchard's treatise on the Tennessee law of wills and estates, states:

> Where two inconsistent wills of the same date, or without any date, appear, the court will look to every intrinsic and extrinsic fact and circumstance to ascertain which of the two is the later. If, from the absence of different dates and every other kind of evidence, it is impossible to ascertain their relative chronological position, both necessarily are held to be void, and the estate is distributed under the statute of intestate succession. But this unsatisfactory expedient is never resorted to until all attempts to educe from the several papers a scheme of disposition consistent with both have been tried in vain.

1 Jack W. Robinson, Sr. & Jeff Mobley, *Pritchard on the Law of Wills and Administration of Estates Embracing the Law and Practice in Tennessee*, § 265, at 428 (5th ed.1994). Consistent with Pritchard's view, the Virginia Supreme Court of Appeals stated in **Whittle v. Roper**, 157 S.E. 827 (Va. 1931):

> Of whatever number of executed documents the will consists, they must all be proved together as constituting one will. But if it is impossible to determine which of several documents that cannot stand together is the last will, they will all be void so far as the irreconcilability extends.

*Id*. at 829 (citing Woerner, *American Law of Administration*, 3 Ed., 139). Similarly, in ***Ashley v. Usher***, 384 S.W.2d 696 (Texas 1964), the Supreme Court of Texas wrote:

> If two or more inconsistent wills are shown to exist and it is impossible to show by evidence which of them was executed last, no effect can be given to any of such wills.

*Id*. at 699 (quoting 2 William J. Bowe & Douglas H. Parker, *Page on Wills* § 21.34 at 395 (1960)).

These authorities persuade us that the probate court did not err in concluding that Mr. Pegram died intestate. The fact that one of the wills executed by Mr. Pegram was a joint will, and the other an individual will, is not conclusive that he intended for one will to be executed only in the event of the simultaneous death of himself and Ms. Pegram; as Appellees correctly point out, under Tennessee law "[a] joint will is nothing more than the separate wills of more than one person contained in the same instrument." ***Rogers v. Russell,*** 733 S.W.2d 79, 83 (Tenn. Ct. App. 1986). We need not address the question of whether the joint will is a conditional will, because we conclude that this appeal must be resolved by the plain language of the two wills executed by Mr. Pegram. We note (as did the trial court) that the simultaneous death of Mr. Pegram and Ms. Pegram is mentioned nowhere in the joint will. Although the testimony of Ms. Pegram and the other witnesses tended to suggest that Mr. Pegram intended the joint will to be enforced only in the event that he died simultaneously with Ms. Pegram, evidence of the circumstances in which the will was executed cannot override the principle embodied in Tennessee law, that "no proof, however conclusive in nature, can be admitted with a view of setting up an intention not justified by the language of the writing itself." The plain language of Mr. Pegram's two wills permits us to draw no conclusion other than that he intended each will to revoke all prior wills. In the absence of any evidence as to which will was executed last in time, we must conclude that the probate court did not err in concluding that Mr. Pegram died intestate.

## VI. CONCLUSION

For all the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed to the Appellant, Carolyne Park-Pegram, and her surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.